UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND
IMMEDIATE TRANSFER PURSUANT TO THE UCCJEA

SARAH GRISSOM, individually and on behalf of her minor children,

Plaintiff,

v.

JOHN THOMAS GRISSOM, JOSHUA GENE KESLING, KESLING LAW, JUDGE
WILLIAM SCULLY JR., OFFICIAL CAPACITY, JACK CARNEY, JASON SPRY, CITY OF
ORANGE BEACH, BALDWIN COUNTY, ALABAMA, BALDWIN COUNTY SHERIFF
ANTHONY LOWERY and other unknown actors, Defendants.

Case No. _____ To be Assigned

Filed by: Sarah Grissom, Pro se

UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 19 2025

JEFFREY P. COLWELL
CLERK

SARAH GRISSOM, individually and on behalf of her minor children,
Plaintiff,

v.

JOHN THOMAS GRISSOM, JOSHUA GENE KESLING, KESLING LAW, JUDGE
WILLIAM SCULLY JR., OFFICIAL CAPACITY, JACK CARNEY, JASON SPRY, CITY OF
ORANGE BEACH, and other unknown actors, Defendants.

Case No.: TBD _____

EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND
IMMEDIATE TRANSFER PURSUANT TO THE UCCJEA

I. INTRODUCTION

Plaintiff seeks an emergency ex parte Temporary Restraining Order under Rule 65 of the
Federal Rules of Civil Procedure and 42 U.S.C. § 1983 to prevent imminent and irreparable harm
caused by Baldwin County's unconstitutional actions. Plaintiff and her minor children face
immediate threats of financial penalties, incarceration, forced and unsafe custody and visitation
with their abuser, and psychological harm from unnecessary and coercive evaluations conducted
by a biased evaluator. Baldwin County has demonstrated extreme bias, retaliated against Plaintiff
for asserting her legal rights, denied due process, and knowingly placed the children in danger.
Alabama has lost jurisdiction by failing to safeguard the children's best interests and violating
federal law, including the Parental Kidnapping Prevention Act, the Uniform Child Custody
Jurisdiction and Enforcement Act, the Family Violence Prevention and Services Act, the Child
Abuse Prevention and Treatment Act, and the Violence Against Women Act. Defendants, acting
under color of law, have engaged in unlawful jurisdictional retention, selective enforcement,
fabrication of contempt charges, retaliatory incarceration, and have issued unconstitutional
orders that expose the minor children to continued harm. Immediate federal intervention is

necessary to halt further violations, stay all Baldwin County proceedings, and transfer jurisdiction to a neutral forum where Plaintiff and her children can receive due process and protection.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 (deprivation of constitutional rights under color of law). Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because Plaintiff resided in Colorado during the formation of the underlying agreements governing property and parental rights, and Colorado has a vested interest in enforcing contracts and protecting residents from unconstitutional state action. Alabama has lost exclusive, continuing jurisdiction under UCCJEA § 202 (28 U.S.C. § 1738A) and the Parental Kidnapping Prevention Act (PKPA) due to its failure to enforce federal child protection laws and its active role in facilitating harm to the minor children. Under UCCJEA § 204 (Emergency Jurisdiction), this Court has the authority to assume jurisdiction immediately due to Alabama's systemic failure to protect the children and its demonstrated bias against the safe parent. Failure to enforce protective measures against a known perpetrator of violence constitutes an emergency under UCCJEA § 204, requiring immediate federal intervention. Plaintiff and her children face immediate harm due to Alabama's unconstitutional actions, making federal relief the only adequate remedy.

## III. FACTUAL BACKGROUND

1. On February 23, 2023, Judge William Scully awarded joint legal custody to a known domestic violence perpetrator without requiring him to overcome the rebuttable presumption against such an award.

2. On February 23, 2024, Plaintiff filed a Rule 60 motion, staying enforcement of the order and barring new claims. Defendants ignored the stay and filed eight retaliatory motions on May 1, 2024, including a petition for custody modification. Acting without jurisdiction, and without requiring Grissom to overcome rebuttable, the court allowed claims to proceed.

3. On May 3, 2024, Judge Scully appointed GAL Jason Spry without notice, hearing, or evidence of necessity. Plaintiff's objection was ignored.

4. On June 4, 2024, the court ordered psychological evaluations and drug testing of Plaintiff and a minor child based on an ambush motion filed the day before. Plaintiff's objections were disregarded, and threats of contempt and financial penalties followed.

5. The children have disclosed ongoing abuse by Defendant Grissom, including physical intimidation (May 2024), severe emotional degradation (October 2024), and a physical assault causing a permanent scar (December 2024).

6. On November 15, 2024, Defendants expanded Grissom's parenting time to force GG into additional psychological evaluations with Dr. Jack Carney. On February 12, 2025, Defendants again increased Grissom's parenting time in an attempt to coerce the remaining minor children into evaluations by Carney.

7. On December 17, 2024, Carney's testimony revealed ex parte communications with Kesling, an improper diagnosis of Plaintiff without evaluation, and intentional discrediting of GG's abuse disclosures. He introduced selectively edited, nonconsensual recordings and engaged in religious persecution to undermine Plaintiff's parental rights.

8. On February 12, 2025, Kesling falsely represented to the court that an order for psychological evaluations of the remaining minor children existed. Plaintiff objected the same day. Judge Scully ignored the objection.

9. On February 23, 2025, Plaintiff filed an emergency stay to prevent the evaluations. DHR confirmed no such order existed. Judge Scully denied the motion.

10. On February 25, 2025, Defendants orchestrated Plaintiff's wrongful arrest over a disputed GAL fee. The same day, Grissom boasted about the arrest to the children, causing them severe emotional distress. Plaintiff was detained for multiple days on an unlawful "writ of arrest," and Baldwin County fabricated a post hoc "child support" charge 24 hours later to justify continued incarceration and extort payment for the disputed GAL fees, which were the underlying reason for arrest.

11. Orange Beach Police Department (OBPD) executed the arrest with excessive force, without probable cause, and without announcing a valid warrant or charge. Plaintiff was forcibly detained without being informed of the basis for her arrest. OBPD then charged Plaintiff with "eluding" based on their own failure to announce or identify the warrant before forcefully executing it. The warrant did not specify a charge.

12. On February 26, 2025, Kesling subpoenaed Plaintiff's detention records and video, which include forced nudity, toileting without privacy, and degrading conditions. Judge Scully waived the 15-day notice requirement, ensuring execution before Plaintiff could respond.

13. On March 1, 2025, Plaintiff filed an emergency motion to quash the subpoenas. Judge Scully ignored the motion, ruled on later-filed motions first, and then denied it on March 12, 2025. The subpoenas were executed before Plaintiff could be heard.

14. On March 10, 2025, GAL Spry—acting beyond his legal authority—filed a motion for psychological evaluations of Plaintiff's minor children. Plaintiff was given no notice or opportunity to be heard, and the motion contained no factual support.

15. On March 12, 2025, Judge Scully granted the motion without a hearing or factual findings, compelling the children to undergo evaluations at a facility chosen by Kesling and Grissom. The order prohibits Plaintiff from attending and assigns DHR, not Plaintiff, to transport the children, despite no abuse finding empowering DHR with legal custody.

16. On March 12, 2025, Judge Scully issued a threat of sanctions against Plaintiff, warning that any "interference" would result in punishment. This follows Plaintiff's prior wrongful incarceration for contempt charges issued by Scully without due process.

## IV. LEGAL STANDARD FOR A TEMPORARY RESTRAINING ORDER

Under Winter v. NRDC, 555 U.S. 7 (2008), a TRO is warranted as Plaintiff establishes:

(1) Likelihood of success on the merits

(2) Immediate irreparable harm

(3) Balance of equities in Plaintiff's favor

(4) Public interest supports relief

## V. LEGAL ARGUMENTS

## I. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff demonstrates a strong likelihood of success because Defendants' actions blatantly violate established constitutional protections, federal statutes, and procedural due process. The Baldwin County court has engaged in a pattern of unlawful jurisdictional retention, denial of due process, judicial retaliation, and failure to protect minor children from a known perpetrator of

abuse. These actions directly violate 42 U.S.C. § 1983, the Fourteenth Amendment's Due Process and Equal Protection Clauses, and federal protections under the Parental Kidnapping Prevention Act (PKPA), the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the Violence Against Women Act (VAWA), the Family Violence Prevention and Services Act (FVPSA), and the Child Abuse Prevention and Treatment Act (CAPTA). The violations are egregious and well-documented. No reasonable jurist could conclude that ordering psychological evaluations without notice, issuing arrests without probable cause, or allowing a known abuser unfettered access to his victims satisfies constitutional due process. Baldwin County has repeatedly disregarded Plaintiff's objections, ignored evidence of child abuse, fabricated contempt charges, and issued unlawful arrest warrants in retaliation for Plaintiff asserting her rights. These actions are not only unconstitutional but a direct abuse of judicial power under color of law.

## II. IMMINENT AND IRREPARABLE HARM

Plaintiff and her minor children face immediate and irreparable harm without intervention. Defendants have shown increased retaliation when presented with violations. The harm is not speculative—it is already occurring and escalating. Plaintiff has already suffered wrongful incarceration, excessive force, and illegal detainment. Baldwin County has manufactured contempt charges, extorted money through fabricated "child support" claims, and subjected Plaintiff to financial and legal coercion. This unlawful use of judicial authority to punish and silence Plaintiff constitutes clear and ongoing constitutional violations that will persist without emergency relief. The children face immediate harm due to court-ordered forced psychological evaluations by a biased evaluator chosen by their abuser's attorney. These evaluations are designed to discredit the children's disclosures of abuse and fabricate a narrative

6

against Plaintiff to justify further judicial retaliation. The order unlawfully assigns custody of the children to DHR for transport without a finding of parental unfitness, violating Plaintiff's fundamental rights under Troxel v. Granville, 530 U.S. 57 (2000). Plaintiff and the children face custody modification, further restricting Plaintiff's ability to protect the children from harm. Plaintiff also faces the ongoing threat of sanctions and further incarceration for merely asserting her parental rights. The court's actions constitute a state-created danger, deliberately exposing the children to harm and punishing Plaintiff for protecting them. There is no adequate legal remedy available in Baldwin County, as every motion to enforce federal and constitutional protections has been ignored or denied without hearing. This Court must act immediately to stay all Baldwin County proceedings and prevent irreversible harm to Plaintiff and her children.

## III. BALANCE OF EQUITIES

The balance of equities overwhelmingly favors Plaintiff. The harm to Plaintiff and her children is severe, ongoing, and irreparable, whereas the Defendants have no legitimate interest in continuing unlawful proceedings, enforcing unconstitutional orders, or retaliating against a domestic violence victim. Allowing Defendants to proceed only furthers illegal and unconstitutional acts, depriving Plaintiff of her parental rights and the children of their safety. Baldwin County does not suffer harm by being required to obey federal law, uphold due process, and cease its retaliatory abuse of power. There is no compelling government interest in enforcing unlawful orders or shielding an abuser from accountability. The only possible argument against an injunction is Baldwin County's desire to maintain jurisdiction, but this argument collapses under its own weight. Alabama has already lost jurisdiction under UCCJEA and PKPA due to its failure to protect the children and uphold federal mandates, failure to properly adjudicate motions challenging orders and recusal, and through a pattern of extreme due process violations.

No legitimate equity exists in perpetuating due process violations, child endangerment, or judicial retaliation.

## IV. PUBLIC INTEREST

The public interest demands immediate intervention. This case is not just about Plaintiff—it is about whether a state court can openly defy constitutional due process, punish a domestic violence survivor for seeking protection, and force children into the custody of an abuser without accountability. The violations at issue directly undermine fundamental parental rights, the integrity of the judicial system, and federal protections designed to prevent state-sanctioned abuse. Allowing Baldwin County's actions to continue would set a dangerous precedent, signaling that courts may fabricate contempt charges, weaponize psychological evaluations, and retaliate against abuse victims with impunity. Federal courts have a compelling interest in preventing abuse of judicial power under color of law, ensuring enforcement of federal child protection laws, and upholding the constitutional rights of litigants. The entire purpose of 42 U.S.C. § 1983 is to prevent precisely this kind of unchecked government misconduct. A failure to act would not only embolden judicial and law enforcement misconduct in Baldwin County but would send a chilling message to domestic violence survivors nationwide that seeking protection through legal channels will result in punishment rather than justice.

## VI. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Issue an immediate stay on all Baldwin County proceedings, including enforcement of psychological evaluations ordered without due process, custody modifications while

jurisdiction remains in dispute, and all contempt proceedings, including any pending or future sanctions against Plaintiff.

2. Enjoin Defendants from enforcing any orders compelling Plaintiff's minor children to undergo psychological evaluations at Clarity Health LLC or any other facility selected by Defendants without a valid Rule 35 order and due process protections.

3. Prohibit DHR or any other state agency from assuming authority over the transport, medical decisions, or legal custody of Plaintiff's minor children in the absence of a dependency proceeding or finding of parental unfitness.

4. Vacate all contempt findings, financial penalties, and the alias warrant issued against Plaintiff and prohibit further attempts to incarcerate, detain, or financially penalize Plaintiff for exercising her constitutional rights.

5. Order the immediate quashing of all subpoenas issued for Plaintiff's detention records and video, which include forced nudity, toileting without privacy, and other degrading conditions, and prohibit Defendants from using or disseminating any such materials.

6. Declare Baldwin County's continued exercise of jurisdiction in this case unconstitutional under 42 U.S.C. § 1983 and in violation of the Uniform Child Custody Jurisdiction and Enforcement Act, the Parental Kidnapping Prevention Act, and federal due process protections.

7. Assume emergency jurisdiction under UCCJEA § 204 due to Baldwin County's failure to protect the minor children, its violations of federal child protection statutes, and its demonstrated bias against Plaintiff as the safe parent.

8. Grant any further relief that this Court deems just and necessary to prevent ongoing constitutional violations and irreparable harm to Plaintiff and her minor children.

VII. CONCLUSION

Plaintiff has established a clear likelihood of success on the merits, demonstrated severe and irreparable harm, shown that the balance of equities demands intervention, and proven that the public interest overwhelmingly supports immediate federal relief. Baldwin County Courts have delayed and prevented Plaintiff's ability to relocate with the children for safety, and their coercive actions are in direct violation of PKPA, UCCJEA, CAPTA, VAWA, and FVPSA. Plaintiff and the children are in imminent danger, with forced psychological evaluations without factual support or hearing ordered on 3/12/2024, an upcoming hearing for the fabricated alias warrant charges for "child support" not ordered on 3/21/25, and a custody modification hearing on 4/8/2025. State court remedies are not available as Plaintiff has faced increased retaliation with each attempt to secure safety. This Court must issue an immediate stay of all Baldwin County actions, enjoin Defendants from enforcing unlawful orders, and assume jurisdiction to prevent further constitutional violations and irreparable harm.

VII. ADDITIONAL FILINGS AND REQUESTS

Plaintiff is concurrently filing a request for U.S. Marshals Service for proper service of process, a motion to proceed in forma pauperis due to financial hardship, and a request for ADA accommodations to ensure meaningful access to the judicial process. These filings are necessary to allow Plaintiff to fully exercise her rights in this emergency matter. Additionally, Plaintiff will be filing a formal injunction and claim as required within the allotted timeframe.

Respectfully Submitted,

*Sarah Grissom*

Sarah Grissom, Pro Se

grissomsarah22@gmail.com
217-345-0015

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

SARAH GRISSOM,
Plaintiff,

v.

JOHN THOMAS GRISSOM, JOSHUA GENE KESLING, et al.,
Defendants.

Case No.: _____To be Assigned

## NOTICE OF FILING EXHIBITS IN SUPPORT OF TEMPORARY RESTRAINING ORDER

Plaintiff, Sarah Grissom, submits the following exhibits in support of her Emergency Temporary Restraining Order (TRO) filed concurrently with this notice. The attached exhibits provide documentary evidence of the constitutional violations, due process violations, judicial misconduct, retaliatory actions, and imminent harm necessitating federal intervention.

A Table of Exhibits is attached, listing all supporting documents.

Respectfully submitted,

Dated: March 13, 2025

*Sarah Grissom*
SARAH GRISSOM
Plaintiff, Pro Se
grissomsarah22@gmail.com
217-345-0615

EXHIBIT LIST

Plaintiff: Sarah Grissom

Case No: _____ To be Assigned

Note: Due to the urgency of this matter, only the first page of each motion is provided in this filing to establish the filing date and substance. The full versions, along with additional supporting exhibits, will be included in the forthcoming filing. These documents are also available upon request in the interim.

Exhibit TRO-1: Unlawful GAL Appointment

| | | |
|---|---|---|
| TRO-1A | Motion to Appoint Guardian ad Litem | 5/1/24 1:44 PM |
| TRO-1B | Order Appointing GAL | 5/3/24 |
| TRO-1C | Plaintiff's Objection to GAL Appointment (Ignored) | 5/8/24 |
| TRO-1D | Alafile Record Showing Appointment Not Set for Hearing | |

Exhibit TRO-2: Psychological Evaluations of Plaintiff & Minor Child

| | | |
|---|---|---|
| TRO-2A | Motion for Plaintiff's Psychological Evaluation | 6/3/24 3:19 PM |
| TRO-2B | Order Granting Psychological Evaluation (Without Hearing) | 6/5/24 9:13 AM |
| TRO-2C | Alafile Record Showing No Hearing Set | |
| TRO-2D | Motion for Minor Child's Psychological Evaluation (Kesling) | 6/3/24 3:22PM |
| TRO-2E | Order Granting Psychological Evaluation (Without Hearing) | 6/5/24 9:14AM |
| TRO-2F | Alafile Record Showing No Hearing Set | |
| TRO-2G | Plaintiff's Objection to Evaluations (Ignored) | 6/19/24 |

Exhibit TRO-3: Alias Warrant & Contempt (Without Hearing)

| | | |
|---|---|---|
| TRO-3A | GAL's Motion for Contempt | 2/3/25 8:55 PM |
| TRO-3B | Alafile Record Showing No Hearing Set | |
| TRO-3C | Order Granting Contempt & Issuing Alias Warrant | 6/4/25 4:19 PM |

Exhibit TRO-4: Plaintiff's Motion to Vacate Warrant (Denied)

| | | |
|---|---|---|
| TRO-4A | Motion to Vacate Warrant, Declare Lack of Jurisdiction | 2/7/25 1:19 PM |
| TRO-4B | Alias Warrant Uploaded to Alafile (One Hour After Motion) | 2/7/25 2:34 PM |
| TRO-4C | Judge Scully's Order Denying Motion to Vacate Warrant | 2/11/25 |

Exhibit TRO-5: Unlawful Arrest & Detainment for Contempt

| | | |
|---|---|---|
| TRO-5A | Bond Conditions Showing Unlawful Child Support Charge | 2/26/25 |
| TRO-5B | Orange Beach Police Department Arrest & Bond Papers | 2/25/25 |

Exhibit TRO-6: Unlawful Subpoenas & Procedural Misconduct

| | | |
|---|---|---|
| TRO-6A | Kesling's Subpoena Request | 2/27/25 |
| TRO-6B | Order Waiving Notice & Ordering Immediate Execution | 2/27/25 |
| TRO-6C | Plaintiff's Emergency Motion to Quash Subpoenas | 3/1/25 |
| TRO-6D | Scully's Order Denying Motion to Quash | 3/12/25 |

Exhibit TRO-7: Manipulation of Custody & Forced Psych Evaluations

| | | |
|---|---|---|
| TRO-7A | Kesling's Motion for Special Order (More Parenting Time to Coerce Evaluations) | 3/11/25 5:37 PM |
| TRO-7B | Scully's Order Granting Special Order | 2/12/25 9:04 AM |
| TRO-7C | Plaintiff's Objection to Special Order | 2/12/25 11:02 AM |
| TRO-7D | Plaintiff's Emergency Stay Forced Evaluations | 2/23/25 |
| TRO-7E | Scully's Order Denying Emergency Stay | 2/26/25 |

Exhibit TRO-8: GAL's Motion For Psych Evals

| | | |
|---|---|---|
| TRO-8A | GAL Spry's Motion for Minor Children's Psych Evaluations | 3/10/25 |
| TRO-8B | Order Granting & Directing DHR Custody for Transport | 3/12/25 |

Exhibit TRO-9: DHR's Role in Funding & Scheduling Psychological Evaluations

| | | |
|---|---|---|
| TRO-9A | Spry's Motion for DHR to Provide Payment & Scheduling | 11/5/24 |
| TRO-9B | Scully's Order Granting DHR Payment & Scheduling Role | 11/8/24 |

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLORADO
CASE NO.: _____[To Be Assigned]

SARAH GRISSOM, Plaintiff,
v.
BALDWIN COUNTY, ALABAMA, et al.,
Defendants.

CERTIFICATE OF SERVICE

I, Sarah Grissom, certify that on March 14, 2025, I filed the Emergency Ex Parte Motion for Temporary Restraining Order with the Clerk of Court.

This motion constitutes an emergency ex parte filing. Service is being requested and effectuated, but I respectfully urge the Court to proceed on the merits without delay. Pursuant to Federal Rule of Civil Procedure 4(c)(3), I request that the United States Marshals Service serve the following Defendants:

| | |
|---|---|
| Baldwin County Sheriff's Office<br>320 N. Hoyle Ave.<br>Bay Minette, AL 36507 | Orange Beach Police Department<br>4480 Orange Beach Blvd<br>Orange Beach, AL 36561 |
| Baldwin County, Alabama<br>Baldwin County Commission<br>312 Courthouse Square, Ste. 12<br>Bay Minette, AL 36507 | Judge William Scully<br>312 Courthouse Square<br>Bay Minette, AL 36507 |
| Jason Spry<br>602 Nichols Ave.<br>Fairhope, AL 36532 | Baldwin County Sheriff Anthony Lowery<br>Baldwin County Sheriff's Office<br>320 N. Hoyle Ave., Bay Minette, AL 36507 |
| Kesling Law – Joshua Kesling<br>24821 Commercial Ave, Suite 5<br>Orange Beach, AL 36561 | John Grissom<br>6902 Summerset Drive<br>Gulf Shores, AL 36542 |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2025
Respectfully submitted,

*Sarah Grissom*

Sarah Grissom
Pro Se Plaintiff
grissomsarah22@gmail.com
217-345-0615



ELECTRONICALLY FILED
5/1/2024 1:44 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

JOHN GRISSOM,                          )

     Plaintiff,                    )                    *EXHIBIT TRO – 1A*

v.                                     )    Case No.: DR-2021-901303.07

SARAH GRISSOM,                         )

     Defendant.                    )

### PLAINTIFF'S MOTION TO APPOINT A GUARDIAN AD LITEM

COMES NOW, the Plaintiff/Father, JOHN GRISSOM, by and through undersigned counsel, and moves this Honorable Court to appoint a Guardian ad Litem to represent the interests of the parties' minor children, and states in support thereof as follows:

1. The parties share four minor children that are subject to this proceeding, namely: Grace Grissom (D.O.B. 6/23/2011), Henry Grissom (D.O.B. 5/2/2014), William Grissom (3/30/2016), and James Grissom (D.O.B. 6/6/2017);

2. Mother and Father have been involved in contentious litigation since 2021;

3. Mother has denied and/or made ongoing attempts to deny Father's visitation rights throughout the pendency of this action;

4. Mother displays erratic and unstable behavior;

5. Mother refuses to provide Father with an address as to where she and the children currently reside;

6. Mother has repeatedly stated her desire to move the children out of state, despite Father's objection, and offers no relocation plan;

7. Mother attempts to alienate children from Father;

8. Father has filed a motion seeking an Order requiring Mother to undergo psychiatric evaluation;

9. The Parties' daughter is 12 years old and in need of a representative to act in furtherance of her and her siblings' best interest;

10. It is in the best interests of the children for a Guardian ad Litem to represent the children's interests throughout the pendency of this action.

WHEREFORE, the premises considered, Plaintiff prays this Court grant Plaintiff's Motion and appoint a Guardian ad Litem to represent the interests of the parties' four minor children and order Defendant pay all reasonable attorneys' fees associated with this matter, in addition to any such further and/or different relief to which the Defendant may be entitled.

RESPECTFULLY submitted on this the 30th day of April, 2024.

/s/ K. Olivia W. Newton
K. OLIVIA W. NEWTON (WHI151)
Attorney for Plaintiff

OF COUNSEL:

Kesling Law Firm, LLC
24821 Commercial Ave., Unit 5
Orange Beach, AL 36561
Office: (251) 981-4529
olivia@keslinglawfirm.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 30th day of April, 2024, electronically filed the foregoing pleading with the Clerk of the Court using the Alacourt Electronic Filing system which shall send notification of such filing to the following counsel of record or by placing the same properly addressed in the U.S. Mail, with sufficient postage to insure deliver, to the following individual:

ELECTRONICALLY FILED
5/3/2024 2:13 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,  )
Plaintiff,  )
  )                    *EXHIBIT TRO - 1B*
V.  )  Case No.:    DR-2021-901303.07
  )
GRISSOM SARAH,  )
Defendant.  )

## ORDER

That the Honorable Jason Spry, (251)278-8440, email jason@jasonsprylaw.com, a practicing attorney of the Baldwin County Bar, be and hereby is appointed Guardian Ad Litem to represent the interest of the minor children involved in this proceeding. The Guardian Ad Litem appointed in this cause shall file his/her appearance and acceptance of said appointment. Said Guardian Ad Litem shall interview all interested parties and witnesses and reasonably assess the situation for comments to the Court on behalf of the children.

Each party is ordered responsible for one-half of the Guardian Ad Litem's fees in this cause.

**DONE this 3rd day of May, 2024.**

**/s/ WILLIAM E. SCULLY JR**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
5/8/2024 9:43 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY

| | |
|---|---|
| JOHN GRISSOM | ) |
| | ) |
| V. | ) |
| | ) |
| SARAH GRISSOM | ) |

*EXHIBIT TRO-1C*

DR-05-901303.04
DR-05-901303.07

## OBJECTION TO APPOINTMENT OF GUARDIAN AD LITEM

Comes now Sarah Grissom, pro se and enters this objection to Mr. Grissom's motion to appoint a guardian ad litem and objection to the division of cost for such between parties. In support thereof Ms. Grissom offers the following:

1. Mr. Grissom's complaint and the allegations contained therein are meritless and without evidence.

2. It is upon information and belief that Mr. Grissom continues litigation against Ms. Grissom in order to harass and control her via the court system. Mr. Grissom has a history of threatening to use and utilizing the judicial system to control others and to exact revenge.

3. Ms. Grissom herself is not represented by an attorney as it is cost-prohibitive due to opposing counsel and Mr. Grissom's behavior which has been previously described to the court.

4. There exists inequity between the parties making the cost division especially taxing to Ms. Grissom.

5. The parties are before the court regarding multiple issues of inequity, including underpayment of child support, unsupported income amounts imputed for parties, and the need for a modification. The court failed to award alimony or healthcare to Ms. Grissom, ordered the sale of the home Ms. Grissom purchased separately from Mr. Grissom under a contract with him wherein she lived with the minor children, and ordered the sale of Ms. Grissom's income property;

6. Mr. Grissom's approximate income is $14,000 monthly while Ms. Grissom's is $1,650, making the order of payment responsibility to Ms. Grissom for half overly burdensome and detrimental to her well-being and that of the minor children.

7. Mr. Grissom's motion is vexatious, and is the second motion filed by him regarding a GAL that contains meritless allegations that are wholly unsupported.

8. Mr. Grissom previously motioned for a GAL in January 2022, and the court appointed Mr. Spry. Though he was GAL for 13 months, Mr. Spry never interviewed the minor children and so his appointment gives the appearance of bias or conflict of interest.

9. Ms. Grissom has consistently advocated on behalf of the children for the duration of their lives, putting their best interest above all else. There exists no evidence to support a second appointment of GAL for the children and there has been no evidence entered to support the previous appointment in 2022 however, there is ample evidence of Ms. Grissom's ability to advocate for the children without assistance from a third party.

As such, Ms. Grissom prays the court will reconsider the appointment of a Guardian ad Litem. Upon evidence supporting a need for Guardian, Ms. Grissom prays the court will assign the full cost to Mr. Grissom as it is upon his meritless motion the appointment is considered.

Respectfully Submitted the 8th Day of May, 2024.

/s/ Sarah Grissom



**AlaFile**
brought to you by alacourt.com

Logout | Contact Us | FAQ | E-File Information

| Complaints ▼ | Discovery ▼ | Court Exhibits (beta) | Motions ▼ | Post Judgment ▼ | Miscellaneous ▼ | Notice of Appeal | Email | Update Account | My L |

User ID:GRISSOMSARAH22@GMAIL.COM -PROSE

### Motion Details

[E-File Document]



EXHIBIT TRO-1D

| | |
|---|---|
| **Motion Type:** | Other |
| **Filer:** | C001 - GRISSOM JOHN (Attorney: KESLING JOSHUA GENE) |
| **County:** | 05-BALDWIN |
| **Case Number:** | DR-2021-901303.07 |
| **Style:** | JOHN GRISSOM V. SARAH GRISSOM |
| **JID:** | WES - WILLIAM E. SCULLY JR |
| **Status:** | DISPOSED |
| **Disposition:** | GRANTED |
| **Disposed By:** | WES |

| | |
|---|---|
| **Setting Date:** | NOT SET |
| **File Date:** | 5/1/2024 1:44:38 PM |
| **Disposition Date:** | 5/3/2024 2:13:39 PM |

| Filing | Party | Attorney |
|---|---|---|
| Response to Motion | D001 - GRISSOM SARAH | 036GRI |

| Title | Description |
|---|---|
| OBJECTION | Objection to GAL and cost assignment |

| Order | | WES |
|---|---|---|

| Title | Description |
|---|---|
| ORDER | MOTION GRANTED - Other |

| Other | C001 - GRISSOM JOHN | KESLING JOSHUA GENE |
|---|---|---|

| Title | Description |
|---|---|
| MOTION_COVER_SHEET | Motion Cover Sheet |
| MOTION | GAL |

ELECTRONICALLY FILED
6/3/2024 3:19 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **JOHN GRISSOM,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: DR-2021-901303.07 |
| **SARAH GRISSOM,** | ) |
| Defendant. | ) |

*EXHIBIT TRD- 2A*

### AMENDED MOTION FOR MENTAL HEALTH EVALUATION

**COMES NOW** the Plaintiff, JOHN GRISSOM, by and through undersigned counsel, and files this Amended Motion for Mental Health Evaluation, and offers in support thereof as follows:

1. This matter is set for hearing tomorrow, June 4th;

2. The parties have four minor children;

3. On or about February 1, 2022, in the original divorce action, this Court ordered Mother to undergo a mental health evaluation with Dr. Jack Carney, Clarity Health LLC;

4. Upon information and belief, Mother has failed to comply;

5. Mother refuses to provide any such record of mental health evaluation;

6. Father asserts Mother has a history of abusing illegal drugs, including but not limited to marijuana;

7. Mother displays erratic behavior;

8. Father asserts Mother is prescribed to a litany of pharmaceuticals and further asserts she presents as emaciated, sickly and malnourished;

9. Father asserts, on belief, Mother takes stimulants such as amphetamine salts to fuel her pro se, Justice system-based crusade against Father;

10. Mother recently barricaded Husband in the driveway, refusing to allow him to leave;

ELECTRONICALLY FILED
6/5/2024 9:13 AM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,                         )
Plaintiff,                            )
                                      )
V.                                    )    Case No.:    DR-2021-901303.07
                                      )
GRISSOM SARAH,                        )          EXHIBIT TRO – 2B
Defendant.                            )

## ORDER

MENTAL HEALTH EVAL filed by GRISSOM JOHN is hereby GRANTED.

**DONE this 5th day of June, 2024.**

/s/ **WILLIAM E. SCULLY JR**
**CIRCUIT JUDGE**





Logout | Contact Us | FAQ | E-File Information

| Complaints ▾ | Discovery ▾ | Court Exhibits (beta) | Motions ▾ | Post Judgment ▾ | Miscellaneous ▾ | Notice of Appeal | Email | Update Account | My L |

User ID:GRISSOMSARAH22@GMAIL.COM -PROSE

### Motion Details

**E-File Document**

| | |
|---|---|
| Motion Type: | Other |
| Filer: | C001 - GRISSOM JOHN (Attorney: KESLING JOSHUA GENE) |
| County: | 05-BALDWIN |
| Case Number: | DR-2021-901303.07 |
| Style: | JOHN GRISSOM V. SARAH GRISSOM |
| JID: | WES - WILLIAM E. SCULLY JR |

| Status: | DISPOSED | Setting Date: | NOT SET |
|---|---|---|---|
| Disposition: | GRANTED | File Date: | 6/3/2024 3:22:12 PM |
| Disposed By: | WES | Disposition Date: | 6/5/2024 9:14:07 AM |

| Filing | Party | | Attorney |
|---|---|---|---|
| ⊞ Order | | | WES |
| ⊞ Other | C001 - GRISSOM JOHN | | KESLING JOSHUA GENE |
| ⊟ Other | D001 - GRISSOM SARAH | | 036GRI |

| Title | Description |
|---|---|
| OBJECTION | Notice of Objection, motion to reconsider |

*EXHIBIT TRO - 2C*

ELECTRONICALLY FILED
6/3/2024 3:22 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| **JOHN GRISSOM,** | ) |
| Plaintiff, | ) |
| v. | ) Case No.: DR-2021-901303.07 |
| **SARAH GRISSOM,** | ) |
| Defendant. | ) |

*EXHIBIT TRO 2D*

### AMENDED MOTION FOR A MENTAL HEALTH EVALUATION FOR MINOR CHILD

**COMES NOW** the Plaintiff, JOHN GRISSOM, by and through undersigned counsel, and files this Amended Motion for a mental health evaluation for minor child, and offers in support thereof as follows:

1. This matter is set for hearing tomorrow, June 4th;

2. The parties have four minor children;

3. The parties have been engulfed in contentious litigation for the past three years;

4. Father asserts that Mother alienates children from him;

5. Father asserts that Mother coerces children to hate and fear him;

6. Father asserts that Mother does not attend to emotional needs of the children;

7. Father asserts that the children have been significantly affected by Mother's behavior throughout the parties' divorce and post-divorce proceedings;

8. Father asserts Mother is causing long-lasting harm to the children's emotional wellbeing;

9. This Court previously ordered Mother undergo psychological evaluation at the office of Dr. Jack Carney, Clarity Health, LLC, 2054 Dauphin Street, Mobile, AL 36606;

10. Father asserts that it is in the best interest of the oldest child, Grace Grissom, that she undergo evaluation by same medical doctor;

ELECTRONICALLY FILED
6/5/2024 9:14 AM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| GRISSOM JOHN,<br>Plaintiff, | ) <br> ) <br> ) |
| V. | ) Case No.:    DR-2021-901303.07 |
| | ) |
| GRISSOM SARAH,<br>Defendant. | ) <br> ) <br> ) |

*EXHIBIT TRO · 2E*

## ORDER

CHILD MENTAL HEALTH EVALUATION filed by GRISSOM JOHN is hereby GRANTED.

**DONE this 5th day of June, 2024.**

/s/ WILLIAM E. SCULLY JR
**CIRCUIT JUDGE**





Logout | Contact Us | FAQ | E-File Information

| Complaints ▼ | Discovery ▼ | Court Exhibits (beta) | Motions ▼ | Post Judgment ▼ | Miscellaneous ▼ | Notice of Appeal | Email | Update Account | My L... |

User ID:GRISSOMSARAH22@GMAIL.COM -PROSE



### Motion Details

**E-File Document**

| | |
|---|---|
| **Motion Type:** | Other |
| **Filer:** | C001 - GRISSOM JOHN (Attorney: KESLING JOSHUA GENE) |
| **County:** | 05-BALDWIN |
| **Case Number:** | DR-2021-901303.07 |
| **Style:** | JOHN GRISSOM V. SARAH GRISSOM |
| **JID:** | WES - WILLIAM E. SCULLY JR |
| **Status:** | DISPOSED |
| **Disposition:** | GRANTED |
| **Disposed By:** | WES |

| | |
|---|---|
| **Setting Date:** | NOT SET |
| **File Date:** | 6/3/2024 3:22:12 PM |
| **Disposition Date:** | 6/5/2024 9:14:07 AM |

*EXHIBIT TRO-2F-*

| Filing | Party | | Attorney |
|---|---|---|---|
| ⊟ Order | | | WES |

| Title | Description |
|---|---|
| ORDER | MOTION GRANTED - Other |

| ⊟ Other | C001 - GRISSOM JOHN | KESLING JOSHUA GENE |
|---|---|---|

| Title | Description |
|---|---|
| MOTION_COVER_SHEET | Motion Cover Sheet |
| MOTION | amended motion for child mental health evaluation |

| ⊟ Other | D001 - GRISSOM SARAH | 036GRI |
|---|---|---|

| Title | Description |
|---|---|
| OBJECTION | Notice of Objection, motion to reconsider |

ELECTRONICALLY FILED
6/19/2024 6:19 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY ALABAMA

John T. Grissom                    )
                                   )                          *EXHIBIT TRD-2G*
v.                                 )          05-DR-2021-901303.07
                                   )
Sarah C. Grissom                   )

### MOTHER'S OBJECTION TO PSYCHOLOGICAL TESTING OF NON-PARTY MINOR

Comes now mother and enters this objection and motion to reconsider this court's order for invasive psychological evaluation and testing of a minor child. The conditions for a Rule 35 assessment have not been met. In support thereof Mother offers the following:

1. Rule 35 does not extend a court's authority to order non parties to physical and mental examination. The minor child is neither the defendant nor the plaintiff;

2. There exists no good cause or evidence of need for evaluation and testing of the minor child;

3. The minor child's state of mind is not in question;

4. Mother has been the sole caretaker of the children since birth and has a strong history of making decisions to protect the best interest of the minor children;

5. A psychiatric evaluation is highly invasive and there exists other, less invasive means that can be utilized if necessary;

6. Ordering the minor child, a victim and witness to father's family and domestic violence, to submit to invasive psychological testing by an agent unknown to the child is detrimental to her well being and an overreach of governmental power;

7. The court's order was made without allowing for answer or argument by mother and further restricts her constitutionally protected parental rights.

ELECTRONICALLY FILED
2/3/2025 8:44 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **JOHN GRISSOM,** | * | |
| **Plaintiff,** | * | |
| | * | *EXHIBIT TRO-3A* |
| **v.** | * | **CASE NO.:  DR-2021-901303.07** |
| | * | |
| **SARAH GRISSOM,** | * | |
| **Defendant.** | * | |

### GUARDIAN AD LITEM'S MOTION FOR CONTEMPT

COMES NOW, the court appointed Guardian ad Litem, and moves this Honorable Court to find Defendant in Contempt, and in support thereof states as follows:

1.    On December 18, 2024, the Court granted the Guardian ad Litem's Motion to Show Cause and Ordered the Defendant to pay the current balance due no later than January 31, 2025.

2.    Defendant has failed and refused to pay the outstanding balance and has not contacted the undersigned about the same.    Defendant's willful actions are contemptuous and have caused an unnecessary expense to the parties.

3.    The undersigned believes that Defendant should be solely responsible for fees incurred as a result of her refusal to abide by the Court's Orders.

4.    The undersigned requests that this Court set this matter for hearing and find Defendant in contempt for her willful refusal to abide by the Court's Order and satisfy outstanding invoices.

WHEREFORE, the Guardian ad Litem respectfully requests that this Honorable Court set this matter for hearing and find the Defendant in contempt for her willful refusal to abide by the Court's Order, and for such further and different relief that the Court deems proper.

RESPECTFULLY SUBMITTED on this the 3rd day of February 2025.


/s/Jason K. Spry
Jason K. Spry (SPR025)
Guardian ad Litem
Post Office Box 1251
Fairhope, Alabama 36533
Ph: (251) 278-8440

ELECTRONICALLY FILED
2/4/2025 4:19 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,
Plaintiff,

V.

GRISSOM SARAH,
Defendant.

)
)
)
)
)  Case No.:
)
)
)

*EXHIBIT TRO 3B*

DR-2021-901303.07

## ORDER

This case having come before the Court on February 4, 2025 on the Motion for Sanctions as filed by the Plaintiff, Motion to Stay GAL Fees, Demand Justification and Address Procedural, Substantive and Systemic Failures as filed by the Defendant, and Motion for Contempt as filed by the Guardian ad Litem; Plaintiff being present and represented by counsel, the Guardian ad Litem being present, and Defendant failing to appear; and from the arguments of counsel, and upon consideration, it is ORDERED by the Court as follows:

1.    Plaintiff's Motion for Sanctions is carried forward to the trial date.

2.    Defendant's Motion to Stay GAL Fees, Demand Justification and Address Procedural, Substantive and Systemic Failures is DENIED for lack of prosecution.

3.    The Guardian ad Litem's Motion for Contempt is GRANTED.  The Defendant is held in contempt for failing and refusing to pay the Guardian ad Litem's fees as previously ordered.  ALIAS WARRANT SHALL BE ISSUED.  CASH BOND SET AT $1,500.00.

**DONE this 4th day of February, 2025.**

/s/ WILLIAM E. SCULLY JR
**CIRCUIT JUDGE**



**AlaFile**



Logout | Contact Us | FAQ | E-File Information

Complaints | Discovery | Court Exhibits (beta) | Motions | Post Judgment | Miscellaneous | Notice of Appeal | Email | Update A

User ID GRISSOMSARAH22@GMAIL.COM -PROSE



EXHIBIT TRO - 3C

| | Motion Details |
|---|---|
| E-File Document | |
| Motion Type: | Other |
| Filer: | K001 - GRISSOM GRACE (Attorney: SPRY JASON KEITH)<br>K002 - GRISSOM HENRY (Attorney: SPRY JASON KEITH)<br>K003 - GRISSOM WILLIAM (Attorney: SPRY JASON KEITH)<br>K004 - GRISSOM JAMES (Attorney: SPRY JASON KEITH) |
| County: | 05-BALDWIN |
| Case Number: | DR-2021-901303-07 |
| Style: | JOHN GRISSOM V. SARAH GRISSOM |
| JID: | WES - WILLIAM E. SCULLY JR    Setting Date:    NOT SET |
| Status: | DISPOSED    File Date:    2/3/2025 8:44:41 PM |
| Disposition: | DISPOSED BY SEPARATE ORDER    Disposition Date:    2/4/2025 5:47:44 PM |
| Disposed By: | WES |

| Filing | Party | Attorney |
|---|---|---|
| Other | K001 - GRISSOM GRACE<br>K002 - GRISSOM HENRY<br>K003 - GRISSOM WILLIAM<br>K004 - GRISSOM JAMES | SPRY JASON KEITH |

| File | Description |
|---|---|
| MOTION_COVER_SHEET | Motion Cover Sheet |
| MOTION | Motion for Contempt |



🔒 alafile.alacourt.gov

ELECTRONICALLY FILED
2/7/2025 1:19 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

JOHN GRISSOM,

Plaintiff,

*EXHIBIT TRO-4A*

v.

SARAH GRISSOM,

Defendant.

Case No. DR-05-2021-901303.07

## DEFENDANT'S MOTION TO VACATE VOID ORDERS, DISMISS PENDING ENFORCEMENT ACTIONS, AND DECLARE BALDWIN COUNTY WITHOUT JURISDICTION

### I. INTRODUCTION

The procedural violations in this case are not isolated missteps but part of a systemic failure that has deprived Defendant of fundamental fairness, due process, and equal protection under the law. Baldwin County has engaged in a **pattern of judicial overreach, selective enforcement, and statutory noncompliance** that has rendered every ruling issued in this matter **void ab initio**.

At the heart of these violations is the Court's **repeated failure to adhere to jurisdictional mandates**, including:

- **Proceeding while a Rule 60(b) motion was pending**, stripping the Court of jurisdiction over all subsequent rulings.

- **Issuing orders despite an unresolved recusal motion**, in direct defiance of Alabama precedent barring substantive rulings under such circumstances.

- **Modifying custody without first applying the rebuttable presumption mandated by Ala. Code § 30-3-131**, an error so fundamental that every related order—including the Guardian ad Litem's appointment—must be deemed unlawful.

AVS311

ALABAMA JUDICIAL DATA CENTER
BALDWIN       COUNTY

WRIT OF ARREST

ELECTRONICALLY FILED
2/7/2025 2:34 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

WILLIAM SCULLY

```
IN THE CIRCUIT  COURT OF  BALDWIN        COUNTY
    JOHN GRISSOM V. SARAH GRISSOM

TO ANY LAW ENFORCEMENT OFFICER:

YOU ARE HEREBY COMMANDED TO ARREST: GRISSOM SARAH
AND BRING HIM/HER BEFORE THIS COURT.
```

EXHIBIT TRO 4B

```
WITNESS MY HAND THIS  02/06/2025.



                              /S/WILLIAM E. SCULLY JR
                              JUDGE/CLERK/MAGISTRATE
```

```
DEFENDANT'S ADDRESS:               SSN #: 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

4306 LINDSEY LANE A                   DOB: 11/27/1983
UNABLE TO FORWARD                    RACE:
ORANGE BEACH    ,AL   36561-0000     SEX: F




   EMPLOYER: _____   PHONE NO: _____

NOTE:
     CASH BOND SET AT 1500.00
```

```
OFFICERS RETURN:
RECEIVED ON _____

EXECUTED ON _____   BY: _____

( ) DEFENDANT ARRESTED, RELEASED ON BOND
( ) DEFENDANT ARRESTED, IN JAIL
( ) DEFENDANT ARRESTED, NOT BOOKED
( ) NOT FOUND
( ) OTHER _____


_____        _____
SHERIFF                             OFFICER
```

OPERATOR: SUH
PREPARED: 02/06/2025

ELECTRONICALLY FILED
2/11/2025 4:38 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| GRISSOM JOHN,<br>Plaintiff, | ) | |
| | ) | |
| | ) | EXHIBIT TRO-4C |
| V. | ) | Case No.:    DR-2021-901303.07 |
| | ) | |
| GRISSOM SARAH,<br>Defendant. | ) | |
| | ) | |

### ORDER

MOTION TO VACATE OR MODIFY filed by GRISSOM SARAH is hereby DENIED.

**DONE this 11ᵗʰ day of February, 2025.**

/s/ WILLIAM E. SCULLY JR
**CIRCUIT JUDGE**

EXHIBIT TRO 5A

☐ ORIGINAL
☐ AMENDED

IN THE CIRCUIT/DISTRICT COURT OF BALDWIN COUNTY, ALABAMA

STATE OF ALABAMA V.

Grissom, Sarah Christine

Sc

Dc

DOB: _____  SSN: _____

CASE NO. DR 21- 901303. 07

CHARGE  CONTEMPT OF COURT

L

CONDITIONS OF RELEASE FROM JAIL
CONTEMPT OF COURT/FAILURE TO PAY CHILD SUPPORT

The Defendant is hereby ordered released from incarceration upon his complying with the following condition or conditions as follows:

( x x )  The Defendant shall pay to the Baldwin County Clerk of Court the sum of $ 1,500 _____ CASH for child support previously ordered and not paid. A CASH RECEIPT from the Clerk shall be presented to the Docket Room at the Jail. The Clerk shall transfer funds __x__ minus court costs _____ total funds to Department of Human Resources to be distributed as child support as previously ordered.

AND

( x x )  Defendant will enter into an appearance bond in the amount of **$1,000.00.**

( x x )  To be executed by the Defendant and (must select one):

_____ Alabama Resident

✓ Baldwin County Resident

_____ Self (Defendant Only)

CONDITIONS OF BOND

The Defendant is ordered (a) to appear, answer and submit to the orders of this Court (b) to pay his continuing child support and child support arrearages as previously ordered by this court (c) notify the Clerk of Court at 312 Courthouse Square Ste, 10 Bay Minette, AL 36507 in writing within five (5) days of any change of address or employer and (d) other: _____

COURT APPEARANCE DATE

The Defendant is ordered to appear in court on the 21st day of March, 20 2025 at 0900 am/pm at the Baldwin County Courthouse in _____, Alabama and from session to session thereafter until this case shall be disposed of and any dispositional order of the court complied with. Failure to appear will result with the bond being forfeited.

DONE this the 26th day of Feb. , 20 25

_____
JUDGE / REFEREE

EXHIBIT TRD5B

| State of Alabama<br>Unified Judicial System | **CONSOLIDATED APPEARANCE BOND**<br>(District Court, Grand Jury, Circuit Court) | **Case Number** |
|---|---|---|
| Form CR-10    Rev.8/98 | | DR21-901303.07 |

IN THE _____ **CIRCUIT** _____ COURT OF _____ **BALDWIN** _____, ALABAMA
(Circuit or District)                                (Name of County)

[✓] STATE OF ALABAMA v. _____ **GRISSOM, SARAH CHRISTINE** _____,
Defendant

I, _____ **GRISSOM, SARAH CHRISTINE** _____ (Defendant), as principal and I (we), _____ , as surety(ies), agree
(Please print)

to pay the State of Alabama the sum of $ __1000.00__ and such costs as authorized by law unless the above-named defendant appears before the district court of the county on __03-21-2025 BAY MINETTE__ (date) at __9:00__ A.M.(time) (if date and time are unknown, the words "the scheduled" may be placed in the date blank and a line may be placed in the space for time) and from time to time thereafter until discharged by law or at the next session of circuit court of the county; there to await the action by the grand jury and from session to session thereafter until discharged by law to answer to the charge of _____
__CONTEMPT OF COURT CHILD SUPPORT__ , or any other charge as authorized by law.

We hereby severally certify that we have property valued over and above all debts and liabilities that has a fair market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting property from levy and sale under execution or other process for the collection of debt by the constitution and laws of the State of Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our rights to homestead exemption that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a separate writing.

It is agreed and understood that this is a consolidated bond, eliminating the necessity for multiple bonds and that it shall continue in full force and effect, until the defendant appears before the district court or circuit court, whichever has jurisdiction, to answer the above charge, and from time to time thereafter until the defendant is discharged by law, or, until such time as the undersigned sureties are otherwise duly exonerated as provided by law.

Signed and sealed this date with notice that false statements are punishable as perjury.

| Signature of Defendant *Sarah Grissom* | SARAH GRISSOM | (L.S.) |
|---|---|---|

| Address (print) | City | State | Zip |
|---|---|---|---|

| Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
|---|---|
| Social Security Number    Telephone Number | Social Security Number    Telephone Number |
| Address (print)    City  State  Zip | Address (print)    City  State  Zip |
| | Signature of Surety/Agent of Professional Surety or Bail Company (L.S.) |
| | Social Security Number    Telephone Number |
| | Address (print)    City  State  Zip |

**JUDGE SIEBERT**

Approved by: Judge/Magistrate/Sheriff

__02-26-2025__
Date

Approved by: Judge/Magistrate/Sheriff

| **Defendant's Information** | | | | |
|---|---|---|---|---|
| Date of Birth | Sex<br>F | Height<br>506 | Weight<br>110 | Employer  *Gulf* |
| Social Se... | Race<br>W | Hair<br>BLN | Eyes<br>BLU | Employer's Address |
| Driver's ...(state) | Telephone Number | | | Employer's Telephone Number |

[ ] Property Bond    [ ] Professional Surety/Bail Company Bond    [ ] Cash Bond

**COURT RECORD:** Original        **DEFENDANT:** Copy        **SURETY:** Copy

EXHIBIT TRO 5C

## CIRCUIT COURT OF ALABAMA
### BALDWIN COUNTY

STATE OF ALABAMA

# GRISSOM, SARAH

DEFENDANT

COURT # **DC21-901303.07**

JAIL # **2101628201**

## CASH APPEARANCE BOND

BOND: **1500.00**

APPEARANCE DATE: **03-21-2025**

PLACE:
- [✓] BAY MINETTE COURT HOUSE
- [ ] FOLEY COURT HOUSE
- [ ] FAIRHOPE COURT HOUSE
- [ ] ROBERTSDALE COURT HOUSE

CHARGE: **ALIAS CHILD SUPPORT**

TIME: **0900 AM**

THE UNDERSIGNED JOINTLY AND SEVERALLY AGREE TO PAY THE ABOVE BOND AMOUNT UNLESS THE DEFENDANT APPEARS BEFORE SAID COURT(S) TO ANSWER SAID CHARGES ON THIS DATE, TIME, AND PLACE INDICATED. AND FROM DAY TO DAY THEREAFTER, UNTIL DISCHARGED BY LAW. WE WAIVE EXEMPTION UNDER CONSTITUTION AND LAWS OF ALABAMA IF THIS BOND IS FORFEITED.

A CASH BOND HAS BEEN DEPOSITED AND IT IS UNDERSTOOD THAT, UNLESS SOONER REFUNDED ACCORDING TO LAW, SAID CASH AMOUNT BE FIRST APPLIED TO PAYMENT OF THE SENTENCE OF FINE AND COURT COST. WE REQUEST THAT ANY REFUND BE MADE PAYABLE TO:

- [ ] DEFENDANT
- [✓] SURETY 1
- [ ] SURETY 2

*Sarah Grissom*

DEFENDANT

ADDRESS AND TELEPHONE #

SURETY 2

RECEIVED $ **1500.00**

DATE ARRESTED: **02-26-2025**

D.O.B. _____

(F) SEX        (W) RACE

ADDRESS AND TELEPHONE #

DEFENDANT RELEASED: **02-26-2025**

TIME RELEASED: **1357**

ARRESTED BY: **BCSO**

## ANTHONY LOWERY

SHERIFF OF BALDWIN COUNTY

BY: _____

DEPUTY

**A-36a**

EXHIBIT TRO 5D

# ORANGE BEACH MUNICIPAL COURT
P.O. Box 529 • Orange Beach, AL 36561

Court Date 4/22/25 _____ 2:00 p.m.

Kathie Fierro, Magistrate I
Jill Weatherford, Magistrate I
Christy Palmer, Magistrate II
Pamela Davis, Court Director

☎ (251) 981-2444
fax (251) 981-4857

## APPEARANCE BOND

| Case Number |
| --- |
| 25020834 |

**COURT OF** **ORANGE BEACH** ,ALABAMA
*(Name of County or Municipality)*

EXHIBIT TRO 5D

**GRISSOM, SARAH CHRISTINE**
Defendant

I, **GRISSOM, SARAH CHRISTINE** (Defendant), as principal,

and I (we), _____ (cash Bond) , as surety(ies), agree
*(please print)*

to pay the ☐ State of Alabama 19) the above-named municipality the sum of $ **1000.00** (for municipal courts, this sum should

not exceed $1,000) and such costs as authorized by law unless the defendant appear(s) before the above-named court on

**4-22-2025** (date) at **2:00** P.m. (time) (if date and time are unknown, the words "the scheduled" may be placed

in the date blank and a line may be placed in the space for time) and from day to day of each session thereafter until defendant is

discharged by to answer to the charge of **ATTEMPT TO ELUDE 13A-10-52** or

any other charge as authorized by law.

If the trial is moved to another county/municipality, this undertaking is for the appearance of the defendant from day to day of each

session of the court to which the defendant is removed until discharged by law.

As sureties, we hereby jointly and severally certify that we have property valued over and above all debts and liabilities that has a fair

market value equal to or greater than the amount of the above bond, and we, and each of us, waive the benefit of all laws exempting

property from levy and sale under execution or other process for the collection of debt by the Constitution and laws of the State of

Alabama, and we especially waive our rights to claim as exempt our wages or salary that we have under the laws of Alabama, and our

rights to homestead exemptions that we have under the Constitution of Alabama and the laws of the State of Alabama, as set out in a

separate writing. **BAIL BOND FILING FEE COLLECTED**

Date 2/05/25 By: IGFF

Signed and sealed this date with notice that false statements are punishable as perjury.    COPY

| Signature of Defendant *Sarah Grissom* | | (L.S.) |
| --- | --- | --- |
| Address (print) | City | State    Zip |

| Signature of Surety (L.S.) | Signature of Surety (L.S.) |
| --- | --- |
| Social Security Number    Telephone Number | Social Security Number    Telephone Number |
| Address (print)    City    state    Zip | Address (print)    City    State    Zip |
| Signature of Surety (L.S.) | Signature of Surety (L.S.) |
| Social Security Number    Telephone Number | Social Security Number    Telephone Number |
| Address (print)    City    state    Zip | Address (print)    City    State    Zip |

**2/25/25**
Date

*Kathie W Fierro*
Approved by- Judge/Magistrate/Any Law Enforcement Officer

By. _____

## Defendant's Information

| | Sex | Height | Weight | Employer |
| --- | --- | --- | --- | --- |
| | Race | Hair | Eyes | |
| State | | | | Employees Telephone Number |

DEFENDANT: Copy          SURETY: Copy

| | COMPLAINT | Warrant Number |
|---|---|---|
| ...ama ...udicial System ...eport #: 25020834 Form CR-6    Rev. 8/98 | **COMPLAINT** (Felonies, Misdemeanors, or Violations -- District Court or Municipal Court) | **25-0000030MC** Case Number **MC25-0000030** |

IN THE ___**MUNICIPAL**___ COURT OF ___**ORANGE BEACH**___ , ALABAMA
   (Circuit, District, or Municipal)            (Name of Municipality or County)

☐ STATE OF ALABAMA    ☒ MUNICIPALITY OF ___**ORANGE BEACH**___

v.   **SARAH CHRISTINE GRISSOM**    *EXHIBIT TRU5E*
                                                              , Defendant

Before me, the undersigned authority, personally appeared this day the undersigned complainant who, upon first being duly sworn, states on oath that he/she has probable cause for believing and does believe that **SARAH CHRISTINE GRISSOM,**   Defendant, whose name is otherwise unknown to the complainant, did on or about **February 25 2025**, commit the offense of **ATTEMPT TO ELUDE POLICE - BY ANY MEANS** within the City/Town of **ORANGE BEACH** , or in the police jurisdiction thereof in that he/she did:

intentionally flee by any means, to-wit: BY FOOT  from anyone the person knows to be a law enforcement officer, to-wit:  CPL. DILLEN MALONE, #128 nowing that the said officer was attempting to arrest the defendant,

in violation of Ordinance Number 2005-901 which embraces Section  13A-10-52  Paragraph  (a) Code of Alabama 1975, previously adopted, effective and in force at the time the offense was committed.

## WITNESSES

**ARRESTING OFFICER    MALONE, DILLEN**

COPY

Sworn to and Subscribed before me this the ___25___ day of ___February, 2025___

_Kathie Fren_
Judge/Magistrate/Warrant Clerk

_____
Complainant

Printed:Tue Feb 25, 2025 3:27 PM            Orange Beach Municipal Court

ELECTRONICALLY FILED
2/27/2025 2:10 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

**JOHN GRISSOM,**                    *
    Plaintiff,

                                  *          EXHIBIT TRO-6A

v                               Case No.:    05-DR-2021-901303.07

                                  *

**SARAH GRISSOM,**                    *
    Defendant.                    *

---

### SUBPOENA FOR PRODUCTION OF DOCUMENTS

---

TO:   **BALDWIN COUNTY SHERIFF'S DEPARTMENT**
       **310 HAND AVENUE**
       **BAY MINETTE, AL 36507**
       **(251) 972-6802**

You are hereby commanded to do each of the following acts within fifteen (15) days after service of this subpoena:

1. Produce and permit for inspection certified copies of the following documents:

    **Produce to Kesling Law Firm, LLC, 24821 Commercial Ave, Unit 5, Orange Beach, AL 36561, any and all records in your possession and/or kept in the ordinary course of practice pertaining to the following individual(s):**

    **SARAH GRISSOM**
    **DOB: 11/27/1983**

    **Any and all documents in your possession, including but not limited to, certified copies of defendant's entire file including notes, observations and police reports, documents showing defendant's bail paperwork including records/documentation of payment, video/audio footage of the defendant in transit to the Baldwin County Jail on February 26, 2025 and video/audio footage of defendant at the Baldwin County Jail from February 26, 2025 until her release.**

    Such production and inspection should take place by delivery or mailing of legible certified

copies of documents or things to the party causing the issuance of this subpoena, but you may

ELECTRONICALLY FILED
2/27/2025 3:48 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,    )
Plaintiff,    )
    )
V.    )    Case No.:    DR-2021-901303.07
    )
GRISSOM SARAH,    )
Defendant.    )

EXHIBIT TRO 6 B

## ORDER

MOTION TO WAIVE OR SHORTEN TIME filed by GRISSOM JOHN is hereby
GRANTED. The 15 days required for issuance of a Non-Party Subpoena is waived,
and the Subpoena may be immediately served upon BALDWIN COUNTY SHERIFF'S
OFFICE.

**DONE this 27th day of February, 2025.**

/s/ **WILLIAM E. SCULLY JR**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
3/1/2025 3:33 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

JOHN GRISSOM,

Plaintiff,

v.

SARAH GRISSOM,

Defendant.



EXHIBIT TRO - 6C

Case No.: 05-DR-901303.07

---

EMERGENCY MOTION TO QUASH UNLAWFUL SUBPOENAS, HOLD PARTIES ACCOUNTABLE FOR CONSTITUTIONAL VIOLATIONS, AND ASSERT LACK OF JURISDICTION

COMES NOW Defendant, Sarah Grissom, Pro Se, and moves this Court for an emergency order quashing unlawful subpoenas issued to Baldwin County Jail and Orange Beach Police Department, staying all custody-related proceedings, and holding parties accountable for violations of Alabama and federal law.

## I. THE SUBPOENAS FOR JAIL FOOTAGE ARE ILLEGAL, RETALIATORY, AND CONSTITUTE CRIMINAL VOYEURISM

The Subpoenas Are Overbroad, Harassing, and Serve No Legitimate Purpose

1. On February 27, 2025, Plaintiff's counsel, Joshua Kesling, issued subpoenas demanding:
   a. Surveillance footage of Defendant while in custody, which includes footage of her using the toilet, being strip-searched, sleeping, and changing clothes.
   b. Her entire file, including financial documents, social security number, bond paperwork and details about who dared to foil their plan to have Defendant wrongfully detained for several days, and related jail records.
2. This is not a legitimate discovery request; this is targeted harassment. The subpoenas serve no lawful purpose in a custody dispute and constitute an egregious abuse of process.

ELECTRONICALLY FILED
3/12/2025 3:49 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,                    )
Plaintiff,                       )
                                 )
V.                               )    Case No.:    DR-2021-901303.07
                                 )
GRISSOM SARAH,                   )    EXHIBIT TRO 6D
Defendant.                       )

## ORDER

MOTION TO QUASH filed by GRISSOM SARAH is hereby DENIED.


**DONE this 12th day of March, 2025.**

/s/ **WILLIAM E. SCULLY JR** _____
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
2/11/2025 5:37 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| JOHN T. GRISSOM, | ) | |
| Plaintiff, | ) | *EXHIBIT TRO-7A* |
| v. | ) | Case No.: DR-2021-901303.07 |
| SARAH C. GRISSOM, | ) | |
| Defendant. | ) | |

## MOTION FOR SPECIAL ORDER

COMES NOW the Plaintiff/Father, JOHN GRISSOM, by and through undersigned counsel, and files this Motion for Special Order and asserts the following:

1. Pursuant to this Court's order, Father, in conjunction with DHR, has scheduled appointments for the parties' three minor children to appear for mental health evaluation at the office of Dr. Carney, located at Clarity Health, on Tuesday, February 25, 2025;

2. In the past, Mother has impeded Dr. Carney's evaluation process by, including but not limited to, withdrawing the parties' minor daughter prior to completion of evaluation and also refusing to complete her own interview process;

3. Dr. Carney has expressed that evaluation of all four (4) minor children is necessary for his final assessment;

4. Given Mother's pattern of insubordination towards this Court, it is reasonable to question whether Mother may on her own submit the minor children to these evaluations causing, once again, delay in this ongoing litigation;

5. Father will be exercising his visitation Thursday, February 20th through Monday, February 24th;

6.  It is in the best interest for all involved that the Court extend Father's parenting time through February 26th in order to ensure that the minor children appear and complete their February 25th mental health evaluations at Dr. Carney's office;

7.  Father shall return the minor children to Mother's parenting time by dropping them off at school the morning of Wednesday, February 26th;

8.  No party will be prejudiced in the granting of this motion.

9.  Father has incurred attorney's fees and expenses in the pursuit of this relief.

**WHEREFORE**, the premises considered, Father prays this Court will issue a special order to extend his parenting time from Thursday, February 20, 2025 through Monday, February 24, 2025 to Thursday, February 20, 2025 through Wednesday, February 26, 2025, in order that Father may ensure the parties' children appear and complete mental health evaluation at the office of Dr. Carney, award Father attorneys fees associated with the bringing of this action, and grant unto Father any such other further and/or different relief to which he may be entitled.

**RESPECTFULLY SUBMITTED** this the 11th day of February, 2024.

*/s/ K. Olivia W. Newton*
K. OLIVIA W. NEWTON (WHI151)
Attorney for Plaintiff

Kesling Law Firm, LLC
24821 Commercial Ave., Unit 5
Orange Beach, AL 36561
Office: (251) 981-4529
olivia@keslinglawfirm.com

ELECTRONICALLY FILED
2/12/2025 9:04 AM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,                    )
Plaintiff,                      )
                                )
V.                              )   Case No.:   DR-2021-901303.07
                                )
GRISSOM SARAH,                  )
Defendant.                      )                *EXHIBIT TRO-7B*

## ORDER

SPECIAL ORDER filed by GRISSOM JOHN is hereby GRANTED.

**DONE this 12th day of February, 2025.**

/s/ **WILLIAM E. SCULLY JR**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
2/12/2025 11:02 AM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

JOHN T. GRISSOM,

*Plaintiff,*

v.

SARAH C. GRISSOM,

*Defendant.*

*EXHIBIT TRO – 7C*

CASE NO.: 05-DR-2021-901303.07

### DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR EXTENDED PARENTING TIME AND COURT-ORDERED PSYCHOLOGICAL EVALUATIONS

COMES NOW, Defendant, Sarah C. Grissom, pro se, and respectfully objects to Plaintiff's request for extended parenting time and court-ordered psychological evaluations of the minor children by Dr. Jack Carney, as said requests are: (1) factually unsupported; (2) procedurally improper; (3) unconstitutional under federal and state law; and (4) legally invalid due to pending jurisdictional challenges, including an unresolved Rule 60 motion and an improper recusal denial.

---

## I. INTRODUCTION

Plaintiff's request for extended parenting time and forced psychological evaluations of the minor children must be **denied in full** because:

1. **The Court never ordered psychological evaluations for the minor children.**

   o There is no court order requiring the minor children (H.G., W.G., and J.G.) to attend psychological evaluations.

   o Plaintiff's attorney, Joshua Kesling, raised this issue verbally at the October 8, 2024, hearing, but the Court did not grant the request, nor was an order issued.

   o A review of the court docket confirms that no motion for psychological evaluations of the boys has been filed or ruled upon. Eldest child G.G. has already attended a forced evaluation.

   o Plaintiff is now unilaterally seeking enforcement of an order that does not exist, which constitutes procedural abuse and litigation harassment. The only motion and order in the court docket is GAL Spry's motion for order of scheduling and payment of services to be carried out by DHR. The motion and subsequent order fails to state there was no active order for the three younger children to submit to harmful psychological evaluations.

   o See Ex parte B.C.J., 286 So. 3d 753 (Ala. Civ. App. 2019) (A court cannot enforce a requirement that was not properly entered as an order.)





Logout | Contact Us | FAQ | E-File Information

| Complaints ▾ | Discovery ▾ | Court Exhibits (beta) | Motions ▾ | Post Judgment ▾ | Miscellaneous ▾ | Notice of Appeal | Email | Update Account | My L... |

User ID:GRISSOMSARAH22@GMAIL.COM -PROSE



**Motion Details**

**E-File Document**

| Motion Type: | Other | | |
|---|---|---|---|
| Filer: | C001 - GRISSOM JOHN (Attorney: NEWTON KATHERINE OLIVIA W) | | |
| County: | 05-BALDWIN | | |
| Case Number: | DR-2021-901303.07 | | |
| Style: | JOHN GRISSOM V. SARAH GRISSOM | | |
| JID: | WES - WILLIAM E. SCULLY JR | Setting Date: | NOT SET |
| Status: | DISPOSED | File Date: | 2/11/2025 5:37:52 PM |
| Disposition: | GRANTED | Disposition Date: | 2/12/2025 9:04:24 AM |
| Disposed By: | WES | | |

| Filing | Party | Attorney |
|---|---|---|
| Response to Motion | D001 - GRISSOM SARAH | 036GRI |

| Title | Description |
|---|---|
| OBJECTION | Objection |
| EXHIBIT | Exhibit b |
| EXHIBIT | Exhibit a |

| Order | | WES |
|---|---|---|

| Title | Description |
|---|---|
| ORDER | MOTION GRANTED - Other |

| Other | C001 - GRISSOM JOHN | NEWTON KATHERINE OLIVIA W |
|---|---|---|

| Title | Description |
|---|---|
| MOTION_COVER_SHEET | Motion Cover Sheet |
| MOTION | Special Order |

*EXHIBIT TRO - 7D*

ELECTRONICALLY FILED
2/23/2025 5:25 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

EXHIBIT TRO 7E

JOHN THOMAS GRISSOM,
Plaintiff,

v.                                        Case No. 05-DR-2021-901303.07

SARAH GRISSOM,
Defendant.

**EMERGENCY MOTION TO STAY UNAUTHORIZED VISITATION EXPANSION AND ENJOIN ANY PSYCHOLOGICAL EVALUATIONS WITHOUT A VALID RULE 35 ORDER**

COMES NOW Defendant, Sarah Grissom, the custodial parent of minor children G.G., H.G., W.G.,

J.G., and moves this Honorable Court to immediately stay the order granting Plaintiff, John Thomas

Grissom, additional visitation time for the purpose of taking the minor children to psychological

evaluations with Dr. Jack Carney. Defendant further moves to enjoin any person, including Plaintiff or the

Alabama Department of Human Resources (DHR), from compelling the minor children to submit to

psychological evaluations absent strict compliance with Alabama law, including a valid Rule 35 order, an

evidentiary hearing, and a factual showing of necessity. In support thereof, Defendant states the

following:

I. FACTUAL BACKGROUND

1. Defendant has sole physical custody of the minor children and final decision-making authority

    over their health and welfare. Plaintiff exercises every-other-weekend visitation and does not

    have unilateral authority to make medical or psychological decisions.

2. The Court issued an order directing DHR to provide services; however, this does not override

    Defendant's constitutional rights or Alabama's legal requirements for psychological evaluations,

    including the necessity of an evidentiary hearing.

ELECTRONICALLY FILED
2/26/2025 1:47 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,          )
Plaintiff,               )
                      )

V.                    )  Case No.:   DR-2021-901303.07
                      )

GRISSOM SARAH,       )
Defendant.            )

*EXHIBIT TRO - 7F*

## ORDER

MOTION TO STAY filed by GRISSOM SARAH is hereby DENIED.

**DONE this 26ᵗʰ day of February, 2025.**

/s/ **WILLIAM E. SCULLY JR**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
3/10/2025 1:38 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

JOHN GRISSOM,                    *
    Plaintiff,                    *
                         *
v.                               *      CASE NO.:   DR-2021-901303.07
                         *      EXHIBIT TRO - 8A
SARAH GRISSOM,                   *
    Defendant.                    *

## MOTION FOR PSYCHOLOGICAL EVALUATIONS

COMES NOW, the Guardian ad Litem, and moves this Honorable Court to Order the parties' children to submit to Psychological Evaluations, and in support thereof states as follows:

1.     Both parties have made allegations against each other concerning each party's behavior and how it impacts the wellbeing of their children.  The mental condition of the children is in controversy and the parties do not agree on how to proceed to assess the same.

2.     Defendant and the parties' oldest child have had psychological evaluations with Dr. Jack Carney.  Dr. Carney testified before this Court on December 17, 2024.  Dr. Carney recommended that the parties' younger three children and Plaintiff submit to psychological evaluations.

3.     The Department of Human Resources is currently investigating the aforementioned allegations.  The agency recommended that the parties follow Dr. Carney's recommendations and offered to pay for the evaluations.

4.     The Department of Human Resources scheduled the psychological evaluations for the parties' children and Plaintiff.  Plaintiff has cooperated with the agency's request and submitted to the psychological evaluation.  Defendant refused resulting the canceling of the evaluations for the children.

5.     The undersigned believes that good cause exists for the parties' children to submit to psychological evaluations.  The undersigned further believes that it would be in the best interest of the parties and their children for Dr. Carney to conduct said evaluations.

6.     The undersigned believes that the results of the psychological evaluations would be relevant and assist this Court in determining what is in the children's best interest. The undersigned further asserts that the evaluations are necessary as there is no other resource to evaluate the mental health status of the parties' children.

7.     The undersigned believes that it would be in the best interest of the parties and their children for the Department of Human Resources' social worker to transport the children to the evaluation. Dr. Carney previously testified there was an incident that caused disruption during the oldest child's evaluation. The undersigned believes that it would be in the children's best interest if neither parent were permitted to attend or be present during any part of the evaluation process.

WHEREFORE, PREMISES CONSIDERED, the Guardian ad Litem prays that this Honorable Court will Order the parties children to submit to psychological evaluations, and for such other, further and different relief to which he may be entitled.

RESPECTFULLY SUBMITTED on this the 10th day of March 2025.

/s/Jason K. Spry
Jason K. Spry (SPR025)
Guardian ad Litem
Post Office Box 1251
Fairhope, Alabama 36533
Ph: (251) 278-8440
jason@jasonsprylaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 10th day of March 2025, a copy of the foregoing was served on the following counsel of record via Alafile and on unrepresented parties via US Mail:

Joshua Kesling
Attorney for Plaintiff
24821 Commercial Ave.
Unit 5
Orange Beach, AL 36561

Sarah Grissom
Defendant
4306 Lindsey Lane A
Orange Beach, AL 36561

/s/Jason K. Spry
Jason K. Spry

ELECTRONICALLY FILED
3/12/2025 3:53 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,                          )
Plaintiff,                             )
                                       )
V.                                     )   Case No.:    DR-2021-901303.07
                                       )
GRISSOM SARAH,                         )
Defendant.                             )        *EXHIBIT TRO - g - B*

### ORDER

This cause came before the Court on the Guardian ad Litem's Motion for Psychological Evaluations, and after consideration of the same, it is hereby, **ORDERED, ADJUDGED and DECREED** as follows:

1.     That the Department of Human Resources (DHR) Social Worker assigned to the Grissom children's case SHALL transport said children to attend a full and complete psychological evaluation.

2.     The evaluation shall be conducted by a licensed psychologist at Clarity Health LLC located at 2054 Dauphin Street, Mobile AL on March 11 at 8:30.

3.     Neither parent shall be permitted to attend or be present during any portion of the psychological evaluation.

4.     The DHR Social Worker shall remain available during the evaluation process.

5.     Upon completion of the evaluation, the licensed psychologist shall prepare a comprehensive report to be filed with this Court within fifteen (15) days.

6.     The DHR Social Worker shall ensure the return of the children to their designated placement following the evaluation.

7.     Failure to comply with this Order may result in sanctions.

**DONE this 12th day of March, 2025.**

/s/ **WILLIAM E. SCULLY JR**
**CIRCUIT JUDGE**

ELECTRONICALLY FILED
11/5/2024 1:16 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | |
|---|---|
| JOHN GRISSOM,<br>Plaintiff, | * |
| | * |
| | * |
| v. | * |
| | * |
| SARAH GRISSOM,<br>Defendant. | * |
| | * |

*EXHIBIT TRO - 9A*

CASE NO.: DR-2021-901303.07

### MOTION TO ORDER DHR TO PROVIDE SERVICES

COMES NOW, the Guardian ad Litem and moves this Court to Order the Department of Human Resources to provide services to the parties as grounds, states as follows:

1.    The Department of Human Resources is investigating allegations regarding the parties and the minor children that are subject to this matter.

2.    The Court has previously Order the Defendant and one of the minor children to submit to mental health evaluations.

3.    Said evaluations have been initiated but not yet completed.

4.    The undersigned believes that that the evaluations should be provided to the Department of Human Resources to aid its investigation.

5    The undersigned has spoken to representatives of the Department of Human Resources and it is willing to provide services to the parties and their children if Order by the Court. Said services would include assistance with scheduling and paying for additional assessments if needed.

6.    The undersigned believes that Ordering the Department of Human Resources to provide services in the above styled matter is in the best interest of the parties' children. The undersigned further believes that said Order is necessary and will provide this Court with relevant information.

WHEREFORE, PREMISES CONSIDERED, the undersigned prays that this Honorable Court will Order the Department of Human Resources to provide services to the parties and for such other, further and different relief to which he may be entitled.

RESPECTFULLY SUBMITTED on this the 5th day of November 2024.

/s/Jason K. Spry
Jason K. Spry (SPR025)
Guardian ad Litem

ELECTRONICALLY FILED
11/8/2024 9:23 AM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

GRISSOM JOHN,            )
Plaintiff,               )
                         )
V.                       )    Case No.:    DR-2021-901303.07
                         )
GRISSOM SARAH,           )
Defendant.               )

*EXHIBIT TRD 9B*

## ORDER

GAL'S MOTION TO ORDER DHR TO PROVIDE SERVICES filed by SPRY JASON is hereby GRANTED. Baldwin County DHR is hereby ordered to provide appropriate services to the children of these parties in accordance with the Guardian Ad Litem's Request.

**DONE this 8th day of November, 2024.**

**/s/ WILLIAM E. SCULLY JR**
**CIRCUIT JUDGE**