**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>SARAH GRISSOM | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>JUDGE WILLIAM SCULLY JR. | TYPE OF PROCESS<br>Summons and Complaint |

**SERVE AT** {
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Judge William Scully, Jr.

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
312 Courthouse Square, Bay Minette, AL 36507

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| SARAH GRISSOM<br>6 QUAIL RUN DRIVE<br>CHARLESTON, IL 61920 | Number of process to be served with this Form 285 | 2 |
| | Number of parties to be served in this case | 10 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold | Fold

Serve in official capacity as a sitting judge.

| Signature of Attorney other Originator requesting service on behalf of: *Sarah Grissom pro se* | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>217-345-0615 | DATE<br>3/13/2025 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated.<br>*(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. _____ | District to Serve<br>No. _____ | Signature of Authorized USMS Deputy or Clerk | | Date |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served ,☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|---|
| Address *(complete only different than shown above)* | | Date | Time | ☐ am<br>☐ pm |
| | | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

| **PRINT 5 COPIES:** | 1. CLERK OF THE COURT<br>2. USMS RECORD<br>3. NOTICE OF SERVICE<br>4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.<br>5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED<br><br>Form USM-285<br>Rev. 12/15/80<br>Automated 01/00 |
|---|---|---|

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

SARAH GRISSOM,
Plaintiff,
v.
Judge William Scully, et al.,
Defendants.

Case No.: _____

---

SUMMONS IN A CIVIL ACTION

To: Judge William Scully Jr. (Official Capacity)
Baldwin County Courthouse, 312 Courthouse Square
Bay Minette, AL 36507

A lawsuit has been filed against you.

Within 21 days after service of this Summons (or 60 days if you are a U.S. government agency or official), you must serve on the Plaintiff an Answer to the Complaint or a Motion under Rule 12 of the Federal Rules of Civil Procedure.

If you fail to respond, judgment by default may be entered against you for the relief demanded in the Complaint.

You must file your Answer or Motion with the Court at:
U.S. District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294-3589

Plaintiff's Contact Information:

Sarah Grissom
6 Quail Run Drive
Charleston, IL 61920
grissomsarah22@gmail.com

Date:_____

Clerk of Court: _____
(Signature of Clerk or Deputy Clerk)

UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

SARAH GRISSOM, individually and on behalf of her minor children,
Plaintiff,

v.

JOHN THOMAS GRISSOM, JOSHUA GENE KESLING, KESLING LAW, JUDGE
WILLIAM SCULLY JR., OFFICIAL CAPACITY, JACK CARNEY, JASON SPRY, CITY OF
ORANGE BEACH, and other unknown actors, Defendants.

Case No.: TBD _____

EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND
IMMEDIATE TRANSFER PURSUANT TO THE UCCJEA

I. INTRODUCTION

Plaintiff seeks an emergency ex parte Temporary Restraining Order under Rule 65 of the

Federal Rules of Civil Procedure and 42 U.S.C. § 1983 to prevent imminent and irreparable harm

caused by Baldwin County's unconstitutional actions. Plaintiff and her minor children face

immediate threats of financial penalties, incarceration, forced and unsafe custody and visitation

with their abuser, and psychological harm from unnecessary and coercive evaluations conducted

by a biased evaluator. Baldwin County has demonstrated extreme bias, retaliated against Plaintiff

for asserting her legal rights, denied due process, and knowingly placed the children in danger.

Alabama has lost jurisdiction by failing to safeguard the children's best interests and violating

federal law, including the Parental Kidnapping Prevention Act, the Uniform Child Custody

Jurisdiction and Enforcement Act, the Family Violence Prevention and Services Act, the Child

Abuse Prevention and Treatment Act, and the Violence Against Women Act. Defendants, acting

under color of law, have engaged in unlawful jurisdictional retention, selective enforcement,

fabrication of contempt charges, retaliatory incarceration, and have issued unconstitutional

orders that expose the minor children to continued harm. Immediate federal intervention is

1

necessary to halt further violations, stay all Baldwin County proceedings, and transfer jurisdiction to a neutral forum where Plaintiff and her children can receive due process and protection.

## II. JURISDICTION AND VENUE

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 1983 (deprivation of constitutional rights under color of law). Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391 because Plaintiff resided in Colorado during the formation of the underlying agreements governing property and parental rights, and Colorado has a vested interest in enforcing contracts and protecting residents from unconstitutional state action. Alabama has lost exclusive, continuing jurisdiction under UCCJEA § 202 (28 U.S.C. § 1738A) and the Parental Kidnapping Prevention Act (PKPA) due to its failure to enforce federal child protection laws and its active role in facilitating harm to the minor children. Under UCCJEA § 204 (Emergency Jurisdiction), this Court has the authority to assume jurisdiction immediately due to Alabama's systemic failure to protect the children and its demonstrated bias against the safe parent. Failure to enforce protective measures against a known perpetrator of violence constitutes an emergency under UCCJEA § 204, requiring immediate federal intervention. Plaintiff and her children face immediate harm due to Alabama's unconstitutional actions, making federal relief the only adequate remedy.

## III. FACTUAL BACKGROUND

1. On February 23, 2023, Judge William Scully awarded joint legal custody to a known domestic violence perpetrator without requiring him to overcome the rebuttable presumption against such an award.

2. On February 23, 2024, Plaintiff filed a Rule 60 motion, staying enforcement of the order and barring new claims. Defendants ignored the stay and filed eight retaliatory motions on May 1, 2024, including a petition for custody modification. Acting without jurisdiction, and without requiring Grissom to overcome rebuttable, the court allowed claims to proceed.

3. On May 3, 2024, Judge Scully appointed GAL Jason Spry without notice, hearing, or evidence of necessity. Plaintiff's objection was ignored.

4. On June 4, 2024, the court ordered psychological evaluations and drug testing of Plaintiff and a minor child based on an ambush motion filed the day before. Plaintiff's objections were disregarded, and threats of contempt and financial penalties followed.

5. The children have disclosed ongoing abuse by Defendant Grissom, including physical intimidation (May 2024), severe emotional degradation (October 2024), and a physical assault causing a permanent scar (December 2024).

6. On November 15, 2024, Defendants expanded Grissom's parenting time to force GG into additional psychological evaluations with Dr. Jack Carney. On February 12, 2025, Defendants again increased Grissom's parenting time in an attempt to coerce the remaining minor children into evaluations by Carney.

7. On December 17, 2024, Carney's testimony revealed ex parte communications with Kesling, an improper diagnosis of Plaintiff without evaluation, and intentional discrediting of GG's abuse disclosures. He introduced selectively edited, nonconsensual recordings and engaged in religious persecution to undermine Plaintiff's parental rights.

8. On February 12, 2025, Kesling falsely represented to the court that an order for psychological evaluations of the remaining minor children existed. Plaintiff objected the same day. Judge Scully ignored the objection.

9. On February 23, 2025, Plaintiff filed an emergency stay to prevent the evaluations. DHR confirmed no such order existed. Judge Scully denied the motion.

10. On February 25, 2025, Defendants orchestrated Plaintiff's wrongful arrest over a disputed GAL fee. The same day, Grissom boasted about the arrest to the children, causing them severe emotional distress. Plaintiff was detained for multiple days on an unlawful "writ of arrest," and Baldwin County fabricated a post hoc "child support" charge 24 hours later to justify continued incarceration and extort payment for the disputed GAL fees, which were the underlying reason for arrest.

11. Orange Beach Police Department (OBPD) executed the arrest with excessive force, without probable cause, and without announcing a valid warrant or charge. Plaintiff was forcibly detained without being informed of the basis for her arrest. OBPD then charged Plaintiff with "eluding" based on their own failure to announce or identify the warrant before forcefully executing it. The warrant did not specify a charge.

12. On February 26, 2025, Kesling subpoenaed Plaintiff's detention records and video, which include forced nudity, toileting without privacy, and degrading conditions. Judge Scully waived the 15-day notice requirement, ensuring execution before Plaintiff could respond.

13. On March 1, 2025, Plaintiff filed an emergency motion to quash the subpoenas. Judge Scully ignored the motion, ruled on later-filed motions first, and then denied it on March 12, 2025. The subpoenas were executed before Plaintiff could be heard.

14. On March 10, 2025, GAL Spry—acting beyond his legal authority—filed a motion for psychological evaluations of Plaintiff's minor children. Plaintiff was given no notice or opportunity to be heard, and the motion contained no factual support.

15. On March 12, 2025, Judge Scully granted the motion without a hearing or factual findings, compelling the children to undergo evaluations at a facility chosen by Kesling and Grissom. The order prohibits Plaintiff from attending and assigns DHR, not Plaintiff, to transport the children, despite no abuse finding empowering DHR with legal custody.

16. On March 12, 2025, Judge Scully issued a threat of sanctions against Plaintiff, warning that any "interference" would result in punishment. This follows Plaintiff's prior wrongful incarceration for contempt charges issued by Scully without due process.

## IV. LEGAL STANDARD FOR A TEMPORARY RESTRAINING ORDER

Under Winter v. NRDC, 555 U.S. 7 (2008), a TRO is warranted as Plaintiff establishes:

(1) Likelihood of success on the merits

(2) Immediate irreparable harm

(3) Balance of equities in Plaintiff's favor

(4) Public interest supports relief

## V. LEGAL ARGUMENTS

## I. LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiff demonstrates a strong likelihood of success because Defendants' actions blatantly violate established constitutional protections, federal statutes, and procedural due process. The Baldwin County court has engaged in a pattern of unlawful jurisdictional retention, denial of due process, judicial retaliation, and failure to protect minor children from a known perpetrator of

abuse. These actions directly violate 42 U.S.C. § 1983, the Fourteenth Amendment's Due Process and Equal Protection Clauses, and federal protections under the Parental Kidnapping Prevention Act (PKPA), the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the Violence Against Women Act (VAWA), the Family Violence Prevention and Services Act (FVPSA), and the Child Abuse Prevention and Treatment Act (CAPTA). The violations are egregious and well-documented. No reasonable jurist could conclude that ordering psychological evaluations without notice, issuing arrests without probable cause, or allowing a known abuser unfettered access to his victims satisfies constitutional due process. Baldwin County has repeatedly disregarded Plaintiff's objections, ignored evidence of child abuse, fabricated contempt charges, and issued unlawful arrest warrants in retaliation for Plaintiff asserting her rights. These actions are not only unconstitutional but a direct abuse of judicial power under color of law.

## II. IMMINENT AND IRREPARABLE HARM

Plaintiff and her minor children face immediate and irreparable harm without intervention. Defendants have shown increased retaliation when presented with violations. The harm is not speculative—it is already occurring and escalating. Plaintiff has already suffered wrongful incarceration, excessive force, and illegal detainment. Baldwin County has manufactured contempt charges, extorted money through fabricated "child support" claims, and subjected Plaintiff to financial and legal coercion. This unlawful use of judicial authority to punish and silence Plaintiff constitutes clear and ongoing constitutional violations that will persist without emergency relief. The children face immediate harm due to court-ordered forced psychological evaluations by a biased evaluator chosen by their abuser's attorney. These evaluations are designed to discredit the children's disclosures of abuse and fabricate a narrative

6

against Plaintiff to justify further judicial retaliation. The order unlawfully assigns custody of the children to DHR for transport without a finding of parental unfitness, violating Plaintiff's fundamental rights under Troxel v. Granville, 530 U.S. 57 (2000). Plaintiff and the children face custody modification, further restricting Plaintiff's ability to protect the children from harm. Plaintiff also faces the ongoing threat of sanctions and further incarceration for merely asserting her parental rights. The court's actions constitute a state-created danger, deliberately exposing the children to harm and punishing Plaintiff for protecting them. There is no adequate legal remedy available in Baldwin County, as every motion to enforce federal and constitutional protections has been ignored or denied without hearing. This Court must act immediately to stay all Baldwin County proceedings and prevent irreversible harm to Plaintiff and her children.

## III. BALANCE OF EQUITIES

The balance of equities overwhelmingly favors Plaintiff. The harm to Plaintiff and her children is severe, ongoing, and irreparable, whereas the Defendants have no legitimate interest in continuing unlawful proceedings, enforcing unconstitutional orders, or retaliating against a domestic violence victim. Allowing Defendants to proceed only furthers illegal and unconstitutional acts, depriving Plaintiff of her parental rights and the children of their safety. Baldwin County does not suffer harm by being required to obey federal law, uphold due process, and cease its retaliatory abuse of power. There is no compelling government interest in enforcing unlawful orders or shielding an abuser from accountability. The only possible argument against an injunction is Baldwin County's desire to maintain jurisdiction, but this argument collapses under its own weight. Alabama has already lost jurisdiction under UCCJEA and PKPA due to its failure to protect the children and uphold federal mandates, failure to properly adjudicate motions challenging orders and recusal, and through a pattern of extreme due process violations.

7

No legitimate equity exists in perpetuating due process violations, child endangerment, or
judicial retaliation.

## IV. PUBLIC INTEREST

The public interest demands immediate intervention. This case is not just about
Plaintiff—it is about whether a state court can openly defy constitutional due process, punish a
domestic violence survivor for seeking protection, and force children into the custody of an
abuser without accountability. The violations at issue directly undermine fundamental parental
rights, the integrity of the judicial system, and federal protections designed to prevent state-
sanctioned abuse. Allowing Baldwin County's actions to continue would set a dangerous
precedent, signaling that courts may fabricate contempt charges, weaponize psychological
evaluations, and retaliate against abuse victims with impunity. Federal courts have a compelling
interest in preventing abuse of judicial power under color of law, ensuring enforcement of
federal child protection laws, and upholding the constitutional rights of litigants. The entire
purpose of 42 U.S.C. § 1983 is to prevent precisely this kind of unchecked government
misconduct. A failure to act would not only embolden judicial and law enforcement misconduct
in Baldwin County but would send a chilling message to domestic violence survivors nationwide
that seeking protection through legal channels will result in punishment rather than justice.

## VI. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Issue an immediate stay on all Baldwin County proceedings, including enforcement of
   psychological evaluations ordered without due process, custody modifications while

jurisdiction remains in dispute, and all contempt proceedings, including any pending or future sanctions against Plaintiff.

2. Enjoin Defendants from enforcing any orders compelling Plaintiff's minor children to undergo psychological evaluations at Clarity Health LLC or any other facility selected by Defendants without a valid Rule 35 order and due process protections.

3. Prohibit DHR or any other state agency from assuming authority over the transport, medical decisions, or legal custody of Plaintiff's minor children in the absence of a dependency proceeding or finding of parental unfitness.

4. Vacate all contempt findings, financial penalties, and the alias warrant issued against Plaintiff and prohibit further attempts to incarcerate, detain, or financially penalize Plaintiff for exercising her constitutional rights.

5. Order the immediate quashing of all subpoenas issued for Plaintiff's detention records and video, which include forced nudity, toileting without privacy, and other degrading conditions, and prohibit Defendants from using or disseminating any such materials.

6. Declare Baldwin County's continued exercise of jurisdiction in this case unconstitutional under 42 U.S.C. § 1983 and in violation of the Uniform Child Custody Jurisdiction and Enforcement Act, the Parental Kidnapping Prevention Act, and federal due process protections.

7. Assume emergency jurisdiction under UCCJEA § 204 due to Baldwin County's failure to protect the minor children, its violations of federal child protection statutes, and its demonstrated bias against Plaintiff as the safe parent.

8. Grant any further relief that this Court deems just and necessary to prevent ongoing constitutional violations and irreparable harm to Plaintiff and her minor children.

## VII. CONCLUSION

Plaintiff has established a clear likelihood of success on the merits, demonstrated severe and irreparable harm, shown that the balance of equities demands intervention, and proven that the public interest overwhelmingly supports immediate federal relief. Baldwin County Courts have delayed and prevented Plaintiff's ability to relocate with the children for safety, and their coercive actions are in direct violation of PKPA, UCCJEA, CAPTA, VAWA, and FVPSA. Plaintiff and the children are in imminent danger, with forced psychological evaluations without factual support or hearing ordered on 3/12/2024, an upcoming hearing for the fabricated alias warrant charges for "child support" not ordered on 3/21/25, and a custody modification hearing on 4/8/2025. State court remedies are not available as Plaintiff has faced increased retaliation with each attempt to secure safety. This Court must issue an immediate stay of all Baldwin County actions, enjoin Defendants from enforcing unlawful orders, and assume jurisdiction to prevent further constitutional violations and irreparable harm.

## VII. ADDITIONAL FILINGS AND REQUESTS

Plaintiff is concurrently filing a request for U.S. Marshals Service for proper service of process, a motion to proceed in forma pauperis due to financial hardship, and a request for ADA accommodations to ensure meaningful access to the judicial process. These filings are necessary to allow Plaintiff to fully exercise her rights in this emergency matter. Additionally, Plaintiff will be filing a formal injunction and claim as required within the allotted timeframe.

Respectfully Submitted,

*Sarah Grissom*

Sarah Grissom, Pro Se
grissomsarah22@gmail.com
217 345 0615

10

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

SARAH GRISSOM,
Plaintiff,

v.

JOHN THOMAS GRISSOM, JOSHUA GENE KESLING, et al.,
Defendants.

Case No.: _____ To be Assigned

## NOTICE OF FILING EXHIBITS IN SUPPORT OF TEMPORARY RESTRAINING ORDER

Plaintiff, Sarah Grissom, submits the following exhibits in support of her Emergency Temporary Restraining Order (TRO) filed concurrently with this notice. The attached exhibits provide documentary evidence of the constitutional violations, due process violations, judicial misconduct, retaliatory actions, and imminent harm necessitating federal intervention.

A Table of Exhibits is attached, listing all supporting documents.

Respectfully submitted,

Dated: March 13, 2025

*Sarah Grissom*

SARAH GRISSOM
Plaintiff, Pro Se

EXHIBIT LIST

Plaintiff: Sarah Grissom

Case No: _____To be Assigned

Note: Due to the urgency of this matter, only the first page of each motion is provided in this filing to establish the filing date and substance. The full versions, along with additional supporting exhibits, will be included in the forthcoming filing. These documents are also available upon request in the interim.

## Exhibit TRO-1: Unlawful GAL Appointment

| | | |
|---|---|---|
| TRO-1A | Motion to Appoint Guardian ad Litem | 5/1/24 1:44 PM |
| TRO-1B | Order Appointing GAL | 5/3/24 |
| TRO-1C | Plaintiff's Objection to GAL Appointment (Ignored) | 5/8/24 |
| TRO-1D | Alafile Record Showing Appointment Not Set for Hearing | |

## Exhibit TRO-2: Psychological Evaluations of Plaintiff & Minor Child

| | | |
|---|---|---|
| TRO-2A | Motion for Plaintiff's Psychological Evaluation | 6/3/24 3:19 PM |
| TRO-2B | Order Granting Psychological Evaluation (Without Hearing) | 6/5/24 9:13 AM |
| TRO-2C | Alafile Record Showing No Hearing Set | |
| TRO-2D | Motion for Minor Child's Psychological Evaluation (Kesling) | 6/3/24 3:22PM |
| TRO-2E | Order Granting Psychological Evaluation (Without Hearing) | 6/5/24 9:14AM |
| TRO-2F | Alafile Record Showing No Hearing Set | |
| TRO-2G | Plaintiff's Objection to Evaluations (Ignored) | 6/19/24 |

## Exhibit TRO-3: Alias Warrant & Contempt (Without Hearing)

| | | |
|---|---|---|
| TRO-3A | GAL's Motion for Contempt | 2/3/25 8:55 PM |
| TRO-3B | Alafile Record Showing No Hearing Set | |
| TRO-3C | Order Granting Contempt & Issuing Alias Warrant | 6/4/25 4:19 PM |

## Exhibit TRO-4: Plaintiff's Motion to Vacate Warrant (Denied)

| | | |
|---|---|---|
| TRO-4A | Motion to Vacate Warrant, Declare Lack of Jurisdiction | 2/7/25 1:19 PM |
| TRO-4B | Alias Warrant Uploaded to Alafile (One Hour After Motion) | 2/7/25 2:34 PM |
| TRO-4C | Judge Scully's Order Denying Motion to Vacate Warrant | 2/11/25 |

Exhibit TRO-5: Unlawful Arrest & Detainment for Contempt

| | | |
|---|---|---|
| TRO-5A | Bond Conditions Showing Unlawful Child Support Charge | 2/26/25 |
| TRO-5B | Orange Beach Police Department Arrest & Bond Papers | 2/25/25 |

Exhibit TRO-6: Unlawful Subpoenas & Procedural Misconduct

| | | |
|---|---|---|
| TRO-6A | Kesling's Subpoena Request | 2/27/25 |
| TRO-6B | Order Waiving Notice & Ordering Immediate Execution | 2/27/25 |
| TRO-6C | Plaintiff's Emergency Motion to Quash Subpoenas | 3/1/25 |
| TRO-6D | Scully's Order Denying Motion to Quash | 3/12/25 |

Exhibit TRO-7: Manipulation of Custody & Forced Psych Evaluations

| | | |
|---|---|---|
| TRO-7A | Kesling's Motion for Special Order (More Parenting Time to Coerce Evaluations) | 3/11/25 5:37 PM |
| TRO-7B | Scully's Order Granting Special Order | 2/12/25 9:04 AM |
| TRO-7C | Plaintiff's Objection to Special Order | 2/12/25 11:02 AM |
| TRO-7D | Plaintiff's Emergency Stay Forced Evaluations | 2/23/25 |
| TRO-7E | Scully's Order Denying Emergency Stay | 2/26/25 |

Exhibit TRO-8: GAL's Motion For Psych Evals

| | | |
|---|---|---|
| TRO-8A | GAL Spry's Motion for Minor Children's Psych Evaluations | 3/10/25 |
| TRO-8B | Order Granting & Directing DHR Custody for Transport | 3/12/25 |

Exhibit TRO-9: DHR's Role in Funding & Scheduling Psychological Evaluations

| | | |
|---|---|---|
| TRO-9A | Spry's Motion for DHR to Provide Payment & Scheduling | 11/5/24 |
| TRO-9B | Scully's Order Granting DHR Payment & Scheduling Role | 11/8/24 |

IN THE UNITED STATES DISTRICT COURT, FOR THE DISTRICT OF COLORADO
CASE NO.: _____[To Be Assigned]

SARAH GRISSOM, Plaintiff,
v.
BALDWIN COUNTY, ALABAMA, et al.,
Defendants.

CERTIFICATE OF SERVICE

I, Sarah Grissom, certify that on March 14, 2025, I filed the Emergency Ex Parte Motion for Temporary Restraining Order with the Clerk of Court.

This motion constitutes an emergency ex parte filing. Service is being requested and effectuated, but I respectfully urge the Court to proceed on the merits without delay. Pursuant to Federal Rule of Civil Procedure 4(c)(3), I request that the United States Marshals Service serve the following Defendants:

Baldwin County Sheriff's Office
320 N. Hoyle Ave.
Bay Minette, AL 36507

Orange Beach Police Department
4480 Orange Beach Blvd
Orange Beach, AL 36561

Baldwin County, Alabama
Baldwin County Commission
312 Courthouse Square, Ste. 12
Bay Minette, AL 36507

Judge William Scully
312 Courthouse Square
Bay Minette, AL 36507

Jason Spry
602 Nichols Ave.
Fairhope, AL 36532

Baldwin County Sheriff Anthony Lowery
Baldwin County Sheriff's Office
320 N. Hoyle Ave., Bay Minette, AL 36507

Kesling Law – Joshua Kesling
24821 Commercial Ave, Suite 5
Orange Beach, AL 36561

John Grissom
6902 Summerset Drive
Gulf Shores, AL 36542

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 14, 2025
Respectfully submitted,

*Sarah Grissom*
Sarah Grissom
Pro Se Plaintiff
grissomsarah22@gmail.com
217-345-0615

Judge William Scully Jr.
312 Courthouse Sq.
Bay Minette, AL 36567