UNITED STATES DISTRICT COURT, DISTRICT OF COLORADO

SARAH GRISSOM, individually and on behalf of minor children,
Plaintiff,
v.
BALDWIN COUNTY, ALABAMA, et al.,
Defendants.

Civil Action No. 1:25-cv-00895-RTG

## PLAINTIFF'S URGENT SUPPLEMENT TO EMERGENCY MOTION FOR EX-PARTE TEMPORARY RESTRAINING ORDER AND RENEWED REQUEST FOR RULING

I. Introduction

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully submits this renewed and urgent request for emergency injunctive relief[1]. Immediate federal intervention is required to prevent irreparable harm to Plaintiff and her minor children. Without prompt action from this Court, Plaintiff's children will be subjected to coerced psychological evaluations on April 8, 2025—conducted without valid legal authority, parental consent, or procedural due process—while Plaintiff is simultaneously compelled to appear in court for proceedings rooted in the same pattern of constitutional violations. This application satisfies the criteria for ex parte emergency relief under Rule 65(b), as the harm is imminent, and the unlawful evaluations are scheduled within days.

This renewed TRO is necessary to address:

1. Unlawful psychological evaluations of three minor children scheduled for April 8, 2025 without valid Rule 35 order, without cause, and over parental objection;

2. A parallel hearing scheduled the same day, proceeding in violation of due process and while this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343 is active;

---

[1] Plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915 and has submitted U.S. Marshal Forms for service. However, due to the time-sensitive nature of the harm, Plaintiff respectfully requests relief prior to completion of formal service under Fed. R. Civ. P. 65(b)(1).

1

3. A persistent pattern of judicial retaliation, state coercion, and unauthorized agency involvement that threatens Plaintiff's constitutional rights and endangers her children.

## II.  INCORPORATION OF PRIOR FILINGS

Plaintiff hereby incorporates by reference all factual allegations, exhibits, legal arguments, and requested relief set forth in the following filings previously submitted to this Court:

1. Emergency Motion for Temporary Restraining Order (TRO) filed on March 19, 2025[2];
2. Verified Complaint for Emergency Injunctive Relief filed on April 2, 2025.

This urgent supplement is submitted in light of new and time-sensitive developments. The relief sought herein is directly related to, and supplements, the emergency relief already requested.

## III.  FACTUAL BACKGROUND

1. On March 12, 2025, Judge William Scully entered an order directing psychological evaluations of Plaintiff's three minor children. This order was issued without a Rule 35[3] motion, lacked individualized findings, and was not preceded by notice or hearing. The order mandated evaluations to be completed on March 11, 2025, a date already passed.

2. On March 21, 2025, Judge Scully made an on-the-record phone call from the bench to Assistant Attorney General Laurie Hoyt of Alabama DHR. On that call, he ordered DHR to reschedule the evaluations. Hoyt noted Plaintiff's non-consent and stated the evaluations were not needed on their side. Judge Scully replied, "I don't care."

---

[2] See Exhibit 1, Plaintiff's Motion for Ex-Parte TRO filed on March 19, 2025.
[3] See Fed. R. Civ. P. 35(a)(2)(A)–(B) (requiring notice and a showing of good cause for court-ordered mental examinations).

2

3. There is no dependency case against Plaintiff. DHR's involvement is unsupported by law, and no legal finding of abuse, neglect, or unfitness has ever been made against Plaintiff.

4. Def. Judge Scully warned Plaintiff not to interfere with the evaluations and also made reference Plaintiff's February 25, 2025 arrest for "failure to pay child support", stating that Plaintiff actually "wound up in jail" for previous "interference" with the evaluations.

5. Judge Scully further acknowledged he is aware that Plaintiff has filed a federal action, but declared he would not stop "until the federal government told him he had to."

6. On March 29, 2025, Plaintiff filed a Motion to Vacate the Evaluation Order[4] citing due process violations, evaluator bias, and misuse of DHR authority. The court denied the motion without hearing or justification on April 1, 2025[5].

7. On March 30, 2025, Plaintiff filed a Motion to Disqualify Dr. Jack Carney and Strike His Testimony[6], supported by substantial evidence of bias, unethical conduct, and harmful prior evaluations. The court summarily denied the motion on April 1, 2025, again without hearing or justification.[7]

8. On April 2, 2025, Plaintiff received written notice from Defendant Joshua Kesling[8] that her minor sons are scheduled for psychological evaluations on April 8, 2025, with Dr. Carney, while Plaintiff is ordered to appear in court for a hearing at the same time.

9. The boys will be removed from their home or school, transported under state authority, and interrogated without the presence of their parent, despite no legal authority to do so.

---

[4] See Exhibit TRO-10A, Plaintiff's Motion to Vacate Evaluation Orders
[5] See Exhibit TRO-10B, Baldwin County Judge William Scully's denial of Plaintiff's Motion to Vacate Evaluation Orders
[6] See Exhibit TRO-10C, Plaintiff's Motion to Disqualify Dr. Jack Carney and Strike his Testimony
[7] See Exhibit TRO-10D, Baldwin County Judge William Scully's denial of Plaintiff's Motion to Disqualify Dr. Jack Carney and Strike his Testimony
[8] See Exhibit TRO-11A, Written Correspondence from Defendant Kesling

Defendants have yet to provide plaintiff, the custodial parent, with any valid written order or information regarding the evaluations aside from Kesling;s email.

10. In his April 2, 2025 email, Defendant Joshua Kesling stated that Plaintiff could argue her July 2023 notice of relocation at the April 8 hearing, directly contradicting his prior claim on June 4, 2024, that relocation could not be heard because it depended on the custody modification he filed 9 months later. Kesling's reversal affirms that these proceedings are being manipulated to restrict Plaintiff's rights and delay her relocation to safety.

11. On April 3, 2025, Defendant Joshua Kesling subpoenaed Orange Beach Police Officer Dillen Malone, the municipal officer who executed the unlawful county alias warrant against Plaintiff, to testify at the April 8 custody hearing. This supports appearance of coordinated misconduct and collaboration among Defendants under color of law.

IV.   LEGAL ARGUMENT

1. Likelihood of Success on the Merits

Plaintiff has established a systemic collapse of due process and the rule of law, where defendants are working in concert to violate constitutional rights. Psychological evaluations are proceeding without parental consent, without a valid Rule 35 order, and with the assistance of a state agency acting outside its jurisdiction. These evaluations target minor children—known victims of abuse—and are being carried out by an evaluator whose speculative and unreliable assessments have been repeatedly overturned on appeal.[9] Local police have executed unlawful civil warrants to assist in punishing Plaintiff for asserting protected legal. These facts constitute clear violations of the First, Fourth, Fifth and Fourteenth Amendments, as well as federal protections under VAWA (34 U.S.C. § 12291 et seq.), CAPTA (42 U.S.C. § 5101), and FVPSA

---

[9] See Exhibit TRO 10-A, Plaintiff's motion to Disqualify Dr. Jack Carney, pg. 8-10.

4

(42 U.S.C. § 10401). This is not legitimate process—it is a pattern of state-sponsored retaliation and constitutional abuse.

2. Irreparable Harm

The harm is imminent and severe. The children will be forced to submit to psychological probing by a discredited evaluator while separated from their parent. The hearing threatens to further erode Plaintiff's parental rights. The court continues acts of blatant judicial defiance of federal statutes and supremacy, confirming that relief will not be forthcoming without federal intervention. These harms cannot be undone and constitute clear irreparable injury under federal law. See *Doe v. Mundy*, 514 F.2d 1179 (D.C. Cir. 1975); *Sampson v. Murray*, 415 U.S. 61 (1974). Plaintiff asserts that every effort she has made to protect her children or assert her legal rights has been met with direct retaliation by Defendants.

This includes, but is not limited to, wrongful arrest, compelled psychiatric evaluations, denial of procedural motions, and escalating coercive actions against her children. These retaliatory acts have intensified following the filing of her federal complaint, including Judge Scully's on-record statement: "I know you filed a federal action, but I'm not stopping until the Feds tell me I have to." Plaintiff fears that continued advocacy may result in further punitive acts against her and her children. As such, this Court's immediate intervention is not only necessary to prevent harm, but to preserve Plaintiff's access to constitutional relief.

3. Balance of Equities

No harm will result from temporarily halting unlawful evaluations and staying further judicial misconduct. Defendant Kesling himself has stated that the matters cannot be resolved on April 8. In contrast, Plaintiff and her children face grave, immediate, and irreversible constitutional injury

if this Court does not intervene. There is no legitimate state interest in continuing actions that violate due process, federal protections, and the psychological safety of abused children. Equity and the Constitution weigh entirely in Plaintiff's favor.

4. Public Interest

The public has a compelling interest in preventing state overreach into private family structures and protecting the constitutional rights of parents and children. Federal law prohibits the use of public systems to retaliate against domestic violence survivors. Forcing children into psychological evaluations at the demand of their abuser violates due process, federal policy, and the public's interest in safeguarding vulnerable families.[10]

V.   URGENT REQUEST FOR EX PARTE RULING AND SERVICE WAIVER

Plaintiff respectfully requests that the Court rule on this emergency application without awaiting formal service under Rule 65(b)(1)[11]. Plaintiff has notified Defendants of her federal filing, and submits that waiting for formal service or response from Defendants would irreparably endanger the physical, psychological, and constitutional rights of her minor children. Despite invocation of this Court's jurisdiction under 28 U.S.C. § 1331 and § 1343, state actors have proceeded with coercive action in derogation of federal authority, requiring immediate intervention. In light of the time-sensitive nature of the harm, Plaintiff respectfully requests that this Court issue an ex parte TRO or stay prior to April 8, 2025 to prevent irreparable injury.

---

[10] See 18 U.S.C. § 2265; 34 U.S.C. § 12291 et seq.

[11] See Fed. R. Civ. P. 65(b)(1)(A) (TRO may issue without notice where immediate and irreparable injury will occur before hearing); 28 U.S.C. § 1915(d) (in forma pauperis litigants may request service by U.S. Marshals); see also Pulliam v. Allen, 466 U.S. 522, 541–42 (1984) (federal courts may enjoin unconstitutional actions by state judicial officers).

Plaintiff will submit supplemental service packets to the U.S. Marshals Service, but requests waiver of formal service for purposes of this urgent request pursuant to 28 U.S.C. § 1915(d) and Rule 4(c)(3). The danger is not hypothetical—it is happening in real time. The Court below has made clear it will not stop without federal direction. The constitutional violations are not speculative—they are operational.

## VI.   REQUESTED RELIEF

In light of the foregoing, and pursuant to Rule 65(b), Plaintiff respectfully requests the following emergency relief:

1. A Temporary Restraining Order enjoining Defendants from proceeding with the psychological evaluations of Plaintiff's minor children, currently scheduled for April 8, 2025, or at any future time, without a valid court order, lawful basis, and full due process;

2. A Stay of all current and future hearings or proceedings pending before Judge William Scully or the Baldwin County Circuit Court, including enforcement actions, modifications, or discovery, until this Court adjudicates Plaintiff's federal claims;

3. An order barring DHR and any other state actor from removing, transporting, evaluating, or questioning Plaintiff's children absent lawful process, including notice, hearing, and a valid, appealable order;

4. An order prohibiting any form of retaliation or sanction against Plaintiff for asserting her constitutional rights or seeking federal relief, including but not limited to contempt, coercive discovery, or punitive court orders;

5. Such other and further relief as this Court deems just and necessary.

## V. CONCLUSION

This Court has clear authority to intervene where state actors, including judicial officers, engage in unconstitutional conduct under color of law. *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984). Plaintiff proceeds in forma pauperis and has complied with Rule 65(b)(1) in seeking emergency relief prior to service, as immediate harm is imminent. The actions scheduled for April 8, 2025 constitute a direct and irreparable threat to Plaintiff and her children. These events, initiated without lawful authority and compounded by ongoing judicial misconduct, threaten their safety, dignity, and liberty. This Court is now the last safeguard between a protective parent and irreparable constitutional injury.

Respectfully submitted,

*Sarah Grissom*

Sarah Grissom
Pro Se Plaintiff
April 4, 2025

Affidavit in Support of Emergency TRO Supplement

I, Sarah Grissom, under penalty of perjury, submit this affidavit in support of the Emergency Supplement to my pending Motion for Temporary Restraining Order:

1. I am the Plaintiff in this matter and the biological mother of the minor children at the center of this case. I have personal knowledge of the facts set forth in this affidavit.
2. Since the filing of my Verified Complaint and TRO on March 19 and April 2, 2025, new developments have created an imminent risk of irreparable harm to me and my children.
3. Defendants are proceeding with unlawful and coercive psychological evaluations of my children scheduled for April 8, 2025, despite the absence of a valid Rule 35 order, procedural notice, or consent. The order underlying these evaluations is facially defective, was issued without hearing or individualized findings, and was affirmed by Judge Scully without explanation following multiple motions filed by me to vacate and disqualify.
4. These evaluations are occurring at the request of the children's abuser and in coordination with a state agency (Alabama DHR) that has not initiated a dependency proceeding and has no lawful basis to act. I have been expressly threatened with jail if I interfere.
5. These actions violate my parental rights, my children's right to be free from state-compelled psychological probing without procedural safeguards, and multiple federal protections under VAWA, CAPTA, the Fifth and Fourteenth Amendments.
6. I have no adequate remedy at law and respectfully request that this Court issue immediate injunctive relief to prevent further constitutional violations and trauma to my children.

Executed on April 4, 2025

*Sarah Grissom*

Sarah Grissom

Plaintiff, Pro Se

EXHIBIT LIST

Case No. 1:25-cv-00895-RTG

Exhibit TRO-10: Evaluations, Continuned

| | | |
|---|---|---|
| TRO-10A | Motion to Vacate the Evaluation Order | March 29, 2025 |
| TRO-10B | Order Denying Motion to Vacate | April 1, 2025 |
| TRO-10C | Motion to Disqualify Dr. Jack Carney and Strike | March 29, 2025 |
| TRO-10D | Order Denying Motion to Disqualify Carney | April 1, 2025 |
| TRO-11A | Email from Attorney Joshua Kesling | April 2, 2025 |

Provided for Quick Reference

| | | |
|---|---|---|
| Exhibit 1 | Plaintiff's TRO | March 19, 2025 |

## Declaration of Exhibits

### Pursuant to 28 U.S.C. § 1746

I, Sarah Grissom, declare under penalty of perjury as follows:

1. I am the Plaintiff in the above-captioned matter and am competent to make this declaration.
2. I submit this Declaration in support of my April 4, 2025 Emergency Motion to Supplement the Record in support of my previously filed Emergency Motion for Temporary Restraining Order (filed March 19, 2025) and Verified Complaint for Injunctive Relief (filed April 2, 2025).
3. The following attached exhibits are true and correct copies of documents submitted in support of the Emergency Motion and reflect actions or evidence bearing directly on the irreparable harm and constitutional violations at issue:

    **TRO-10A:** Motion to Vacate the Evaluation Order (3/29/2025)
    **TRO-10B:** Order Denying Motion to Vacate (4/1/2025)
    **TRO-10C:** Motion to Disqualify Dr. Jack Carney and Strike Tainted Evidence (3/29/2025)
    **TRO-10D:** Order Denying Motion to Disqualify Dr. Carney (4/1/2025)
    **TRO-11A:** Email from Attorney Joshua Kesling Re: Scheduling of Psychological Evaluations of Minor Children (4/2/2025)

4. These exhibits demonstrate a pattern of due process violations, improper judicial directives, and imminent harm to Plaintiff and her children unless immediate federal relief is granted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2025

*Sarah Grissom* (signature)

**Sarah Grissom**
Plaintiff, Pro Se
6 Quail Run Drive
Charleston, IL 61920
grissomsarah22@gmail.com
(217) 345-0615

11