ELECTRONICALLY FILED
3/29/2025 11:18 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

CASE NO.: DR-2021-901303.07

SARAH GRISSOM, Defendant    EXHIBIT TRO-IDA

v.

JOHN GRISSOM, Plaintiff

## MOTION TO VACATE ORDER FOR PSYCHOLOGICAL EVALUATIONS OF MINOR CHILDREN; VACATE MOTIONS FILED BY GAL

COMES NOW the Defendant, Sarah Grissom, pro se, and moves this Honorable Court to stay and/or vacate the order authorizing psychological evaluations of the minor children in the above-styled matter, and in support thereof, states as follows:

### I. DISCOVERY AND EVALUATIONS IMPROPER

1. Under Ala. Code § 30-3-152, a party seeking to modify custody must first rebut the presumption that the current arrangement is in the child's best interest. "The presumption in favor of the custodial parent is strong and must be overcome by evidence that a change will materially promote the child's welfare." *Ex parte McLendon*, 455 So. 2d 863, 865 (Ala. 1984).

2. Plaintiff has offered no admissible evidence demonstrating a material change in circumstances or detriment to the children.

3. Alabama law and the Alabama Rules of Civil Procedure require that pleadings be based on existing facts—not speculative allegations subject to post hoc evidentiary searches.

4. Courts have consistently held that discovery may not be used to "find" evidence for claims that lacked a factual basis at the time of filing. *Ex parte McTier*, 886 So. 2d 426, 429 (Ala. 2003) "Discovery is not a license to conduct a fishing expedition in search of evidence to support an otherwise unsupported claim."

5. Under Ala. Code § 30-3-133, there exists a rebuttable presumption that any form of custody—including joint legal custody—with a perpetrator of family violence is detrimental to the children. This presumption has never been rebutted.

6. Courts have consistently held that no discovery or action may infringe on a protective parent's rights without overcoming the statutory burden. *See Ex parte E.M.*, 256 So. 3d 202, 210 (Ala. Civ. App. 2018) "The court may not infringe upon the custodial rights of the protective parent absent clear and convincing evidence overcoming the statutory presumption."

7. Accordingly, psychological evaluations—of either the parents or children—constitute improper discovery under Rule 26(b) ARCP, which limits discovery to matters that are proportional and legally permissible under the applicable statutory framework.

## II. PROCEDURAL DEFECTS

8. No valid psychological evaluation has been ordered in accordance with Rule 35(a) of the Alabama Rules of Civil Procedure.

9. Rule 35(a) ARCP allows a mental examination only:

    a. Upon motion by a party;
    b. For good cause shown, with an individualized basis;
    c. Where the mental condition is specifically placed in controversy;
    d. And only after notice and opportunity for the opposing party to respond.

10. None of these elements were satisfied. No party has filed a proper Rule 35 motion. The Court has conducted no hearing, made no individualized findings, and provided Defendant no opportunity to object.

11. Any psychological evaluation initiated or enforced under these circumstances is therefore invalid as a matter of law and unenforceable under Rule 35 and due process principles. See

*Ex parte Hagan*, 52 So. 3d 646, 650 (Ala. 2010): Rule 35 **requires strict compliance**; orders without proper procedure are void.

### III. GAL NOT A PARTY, LACKS STANDING TO FILE MOTIONS

12. Under Alabama law, a Guardian ad Litem is not a party to the action and lacks standing to file dispositive motions under Rule 35, ARCP. Any such motion is procedurally improper and legally void. *See J.L. v. J.L.*, 181 So. 3d 1050, 1055 (Ala. Civ. App. 2014): "A GAL is not a party to the action and does not have standing to file motions or appeals."

13. The GAL's March 10, 2025 motion for evaluations was not filed by a party, was unsupported by sworn testimony, and relied entirely on hearsay statements from DHR and Dr. Carney, neither of whom appeared to testify or submit admissible evidence regarding the need for evaluation of the remaining minor children.

14. The motion failed to allege any specific behavior, diagnosis, or individualized mental health concern, and the Court issued its Order without a hearing, factual findings, or an opportunity for Defendant to object.

15. A GAL's statutory role under Ala. Code § 12-15-304 is limited to representing the best interests of the child—not initiating discovery, directing mental health evaluations, or filing motions absent court direction. Spry's unauthorized conduct exceeded his legal authority and undermined the neutrality of his appointment.

16. The motion is therefore void ab initio, and any resulting order must be vacated in full.

### IV. IMPROPER STATE AGENCY INTERFERENCE

17. The Court's November 8, 2024 Order directed DHR to provide limited assistance with scheduling and payment for evaluations already initiated—namely, those of Defendant and

minor child G.G. It does not authorize broader DHR involvement, and it does not grant authority for DHR to transport, or evaluate the other three minor children.

18. On March 21, 2025, during an open hearing, Judge William Scully placed a phone call from the bench to DHR Assistant Attorney General Laurie Hoyt. This ex parte communication with a state agency about substantive matters in an active case constitutes a clear violation of judicial ethics, due process, and separation of powers.

19. DHR is not a party to this custody proceeding. No abuse, neglect, or dependency petition has been filed against Defendant. She is not under investigation, nor has DHR followed any lawful process to initiate one.

20. Under Alabama Code § 12-15-301 et seq. and CAPTA (42 U.S.C. § 5106a), DHR may only initiate action against a parent if there is:

    a. A valid report of suspected abuse or neglect;
    b. Proper notice and procedural due process;
    c. A formal investigation and/or dependency action.

21. In the absence of these statutory prerequisites, DHR has no legal authority to monitor, communicate with, interfere with, or report on Defendant's parental decisions. Its continued involvement in the care of her children is unlawful, exceeds its statutory mandate, and constitutes state intrusion in violation of the Fourteenth Amendment.

## V. EVALUATOR BIAS, LACK OF NEUTRALITY

22. Defendant does not consent to any psychological evaluation conducted by Dr. Jack Carney, whose conduct demonstrates clear bias, ethical violations, and lack of clinical neutrality.

23. Carney previously released evaluation summaries and testified against Defendant without performing a clinical evaluation or obtaining consent, and testified regarding a minor child's mental health.

24. Under Rule 35(b)(1), Ala. R. Civ. P., an evaluated party is entitled to receive the examiner's report upon request. Despite requests, Defendant never received her own report or her child's. Under Rule 35(b)(2), privilege is not waived unless the party obtains the report or deposes the evaluator.

    a. *See also Ex parte R.D.N.*, 918 So. 2d 100, 105 (Ala. Civ. App. 2005) ("Strict compliance with Rule 35 is required in cases involving mental examinations.")

25. Carney's courtroom testimony occurred in a non-special setting, in front of the public, without consent or proper safeguards, and in violation of constitutional rights to medical privacy and ethical requirements for mental health professionals.

    a. *See* APA Ethical Standard 4.05 ("Psychologists may disclose confidential information only with consent or as required by law with appropriate safeguards.")

26. Carney's record of serving as an evaluator in DHR custody matters—frequently labeling mothers with controversial and gendered diagnoses—demonstrates systemic bias. His continued participation in this case compromises the fairness of these proceedings and endangers the well-being of the children.

27. Under Alabama law, even the appearance of bias is grounds for disqualification of a court-appointed "expert".

    a. *See Ex parte DCH Reg'l Med. Ctr.*, 683 So. 2d 409, 412 (Ala. 1996): "A neutral expert must avoid not only actual bias but the appearance of impropriety.";

    b. *See also Ex parte T.V.*, 971 So. 2d 1, 7 (Ala. 2007): heightened scrutiny applies in child custody matters due to the fundamental rights at stake.

28. The Court's refusal to provide Defendant or her counsel with copies of the evaluations—while allowing Plaintiff's counsel and the GAL to access and discuss them in her absence—demonstrates a reckless disregard for Rule 35(b), due process, and basic ethical obligations governing mental health testimony and record handling.

29. Accordingly, Dr. Carney must be immediately disqualified as a court-appointed evaluator in this case, thus disqualifying him from conducting the unconstitutionally ordered evaluations.

## VI. JUDICIAL ORDERS NOT IMMUNE FROM CHALLENGE

30. A judge's signature does not render an order lawful. For any order to be valid and enforceable, it must:
    a. Comply with procedural and substantive law;
    b. Be based on a motion by a party with standing;
    c. Be entered with jurisdiction over the subject matter and parties; and
    d. Be preceded by notice and an opportunity to be heard.

31. Orders issued in violation of these standards are void or voidable, and enforcement may result in personal liability under 42 U.S.C. § 1983.

32. Judge Scully's receipt of verbal DHR reports without notice or hearing violates Canon 3(A)(4) of the Alabama Canons of Judicial Ethics and ARCP Rule 5, which prohibit judges from receiving evidence or reports from nonparties without disclosing them to both sides.

33. These ex parte communications—along with efforts to remove the children and compel evaluations without valid Rule 35 orders, hearings, or parental consent—constitute violations of the 5th and 14th Amendments and place the children at risk of state-created danger.

34. No court may override a custodial parent's rights absent due process. No agency may transport children without lawful authority. And no parent may delegate state power to bypass another parent's rights. These are not technical errors; they are constitutional violations.

## VII. DEMAND FOR PRODUCTION OF FACTUAL BASIS

35. Pursuant to Rule 52(a), Ala. R. Civ. P., and to preserve the record for appellate review, Defendant demands that this Court produce specific factual findings supporting the following:

    a. The alleged individualized need for psychological evaluations of the minor children;

    b. The alleged interference by Defendant with any court-ordered evaluations;

    c. The alleged direct and immediate harm posed to the children by Defendant sufficient to override her parental rights;

    d. The legal authority permitting a district court judge to direct public policy or command state agencies to fund or execute services outside statutory jurisdiction.

36. Defendant asserts that no such findings exist in the record. Allegations made by Plaintiff's counsel are entirely unsupported by admissible evidence and rest on rhetoric, hearsay, and speculation. Motions filed to date contain no factual exhibits, testimony, or judicial findings to support extraordinary state intervention.

37. Further, during a hearing on February 1, 2022, Judge Scully stated: *"I'm not going to order DHR to do something they wouldn't typically do."* That statement underscores the impropriety of DHR's current involvement, including providing services outside a dependency case; Funding psychological evaluations requested by an abuser; Conducting

unannounced visits to the safe parent; and Taking verbal orders via cell phone from the bench during active hearings.

38. Judge Scully's sudden reversal, in direct contradiction of his own prior statement, demonstrates judicial bias, unequal enforcement, and retaliatory deviation from neutral decision-making. The record makes clear: the court is now operating on a double standard, in direct conflict with settled law.

39. DHR's statutory role is to protect children and support the safe parent—not to act as a private enforcer for the abusive parent or the court.

40. Defendant rejects the implication that lawful objections to unconstitutional orders constitute interference. Protected expressions of due process cannot be reframed as justification for punishment or governmental overreach.

41. If the Court intends to rely on any finding of interference or danger, it must identify the specific evidence in the record supporting that conclusion, as required by Rule 52(a) and the Fourteenth Amendment's due process guarantees.

## VIII. RELIEF REQUESTED

The Defendant respectfully requests that this Court:

1. Stay or vacate ALL Orders for psychological evaluations of the minor children;

2. Bar Dr. Jack Carney from further involvement in matters related to the parties due to unethical conduct and the appearance of bias;

3. Bar DHR from continued involvement in the absence of a properly filed dependency petition or substantiated finding of abuse or neglect following a verifiable report;

4. Declare the March 12th, 2025 Order, and any subsequent and related Order, for the psychological evaluation of the minor children and transportation by DHR, void and/or invalid due to lack of jurisdiction, standing, evidence, and due process;

5. Grant any other relief deemed just and proper.

## IX: CONCLUSION

This Court must not permit its authority to be used as a tool of coercion, intimidation, or forced mental intrusion on vulnerable children. Defendant requests the Court to uphold the rule of law and vacate all unlawful orders.

Respectfully submitted,

*Sarah Grissom*

Sarah Grissom
Pro Se Defendant
grissomsarah22@gmail.com
217-345-0615

## Certificate of Service

The undersigned hereby certifies that on this 29 day of March, 2025, a true and correct copy of the foregoing "Motion to Vacate Order for Psychological Evaluations of Minor Children; Vacate Motions Filed by GAL" was served upon the following parties via electronic service through AlaFile:

Jason Spry, Guardian ad Litem
602 Nichols Avenue
Fairhope, AL 36532

Joshua Kesling, Attorney for Plaintiff
24821 Commercial Avenue, Suite 5
Orange Beach, AL 36561

Respectfully submitted,

*Sarah Grissom*

Sarah Grissom
Defendant, Pro Se