ELECTRONICALLY FILED
3/29/2025 10:41 PM
05-DR-2021-901303.07
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
BRENDA Q. GANEY, CLERK

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

Sarah Grissom,
Defendant,
v.
John Grissom,
Plaintiff.

EXHIBIT TRO 10·C

Case No. 05-DR-2021-901303.07

## MOTION TO DISQUALIFY DR. JACK CARNEY AND STRIKE ALL TAINTED EVIDENCE DUE TO BIAS, MISCONDUCT, AND DUE PROCESS VIOLATIONS

COMES NOW the Defendant, Sarah Grissom, pro se, and pursuant to Rule 702 of the Alabama Rules of Evidence, Rules 35(b), 37, and 26(c) of the Alabama Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment, respectfully moves this Court to disqualify Dr. Jack Carney, Ph.D., from further participation in this matter, and to strike all testimony, evaluations, and materials submitted or referenced by Dr. Carney. Defendant further seeks exclusion of the surveillance video introduced at the hearing on December 17, 2024, and all derivative use or reference thereto in existing and future pleadings. In support of this Motion, Defendant states the following:

I. Rule 35 Violations and Unauthorized Disclosure

   1. On June 4, 2024, this Court ordered psychological evaluations of Defendant and one minor child without satisfying the procedural safeguards required by Rule 35, Ala. R. Civ. P., and without issuing an order authorizing disclosure of the resulting evaluations to third parties or the Court.

   2. No protective order was entered under Rule 26(c), and the Court's evaluation order contained no limiting language regarding scope, use, or disclosure. There was no

(1)

authorization for release to the Court or opposing counsel, and no waiver occurred under Rule 35(b)(2), as Defendant neither deposed Dr. Carney nor submitted the report.

3. Pursuant to Rule 35(b)(1), Defendant was entitled to receive a full copy of the evaluation before its use in litigation. No such copy was ever provided.

4. Despite the absence of any authorizing order or waiver, Dr. Carney submitted evaluations and reports directly to the Court and third parties, violating both procedural and constitutional protections.

5. In the absence of judicial authorization or informed consent, these disclosures are unauthorized, inadmissible, and constitute "fruit of the poisonous tree."

6. Defendant was required to electronically sign in upon arrival to the court-ordered evaluation as a condition of compliance, under threat of contempt. This does not constitute voluntary or informed consent under state or federal law.

7. Any purported "consent" obtained via digital sign-in during a compelled evaluation is legally invalid. Consent obtained under threat of penalty is not voluntary. See *United States v. Doe*, 465 U.S. 605 (1984). Because appearance was compelled under threat of contempt, the sign-in form cannot waive Defendant's rights under Rule 35 or Rule 26.

II. Structural Violations of Evidentiary Rules and Due Process Render All Testimony and Materials Inadmissible

8. On December 17, 2024, Dr. Jack Carney introduced a surveillance video clip during testimony without prior notice or disclosure, in violation of Rule 35(b), Ala. R. Civ. P. Defendant was never provided a copy of the video or any accompanying report.

9. Under cross-examination, Dr. Carney admitted he did not produce the full recording and had no intention to do so. He stated he selected what he considered "the most relevant section," thereby confirming the footage was intentionally edited and stripped of context.

10. Dr. Carney relied on this partial clip as the basis for diagnostic impressions regarding Defendant's demeanor, mental state, and credibility. These conclusions were subsequently cited by opposing counsel, the GAL, and this Court to justify further evaluations and adverse rulings.

11. Introduction of only a portion of the video violates Rule 106, Ala. R. Evid., which entitles the opposing party to the remainder of the recording if necessary to ensure fairness and prevent distortion.

12. The video's probative value was substantially outweighed by its prejudicial effect, in violation of Rule 403, Ala. R. Evid. The omitted context—including delays, confusion, and prior interactions—rendered the clip a misleading portrayal of Defendant's conduct.

13. Dr. Carney further violated Rule 35(b)(1), Ala. R. Civ. P., by failing to provide the evaluation materials—including the video—before using them in court. No waiver occurred under Rule 35(b)(2).

14. Defendant was denied a fair opportunity to prepare or respond. She was ambushed in open court and forced to cross-examine without access to the full evidence. This constitutes a clear violation of procedural due process under the Fourteenth Amendment.

15. The incomplete clip and Dr. Carney's derivative testimony irreparably tainted all subsequent motions, orders, GAL recommendations, and judicial findings based on his report.

16. Where a court-appointed evaluator relies on incomplete, undisclosed, and prejudicial materials in violation of Rule 106, Rule 403, and Rule 35, exclusion of the resulting testimony and evidence is mandatory—not discretionary.

17. The record has been materially and irrevocably tainted. Continued reliance on Dr. Carney's opinions or materials would constitute endorsement of evidentiary distortion and constitutional error.

18. The full video, if produced, would directly contradict both Dr. Carney's testimony and the narrative advanced by Plaintiff and his counsel. Carney's selective disclosure and omission of exculpatory context misled the Court and deprived Defendant of the right to a meaningful cross-examination.

19. His refusal to disclose the complete recording, after introducing an edited clip, constitutes testimonial misconduct and evidentiary tampering under Ala. R. Evid. 106 and 403, Rule 35(b), and Rule 37.

20. The cumulative effect of these violations renders all testimony and materials submitted by Dr. Carney inadmissible. Continued reliance by this Court is unsustainable under constitutional and evidentiary standards.

### III. Expert Bias and Violations of Rule 702

#### A. Selective Evidence and Lack of Neutrality

21. Dr. Carney introduced a selectively edited surveillance clip to support his conclusions about Defendant's behavior. He admitted in open court that he chose which portion to show, presenting what he believed was "the most relevant section," while refusing to provide the full footage.

22. The omitted portions directly contradict his testimony and undermine his findings.

23. A court-appointed evaluator who withholds exculpatory context while presenting harmful, partial evidence cannot be considered neutral. Alabama law requires strict impartiality in custody matters. See *Ex parte Knox*, 64 So. 3d 773, 779 (Ala. 2010); *Ex parte C.L.*, 904 So. 2d 229 (Ala. Civ. App. 2004). Dr. Carney's conduct fails this standard.

### B. Diagnosis Without Evaluation or Case History

24. Dr. Carney diagnosed Defendant and her minor child with a shared delusional disorder without ever conducting a clinical interview with Defendant. His diagnosis relied solely on an edited video and MMPI results. This violates Rule 702, which requires expert opinions to be based on sufficient data and reliable methodology.

25. Dr. Carney admitted under oath that he lacked baseline context, was unaware of Plaintiff's arrest for false reporting, and based his diagnosis on a video he personally selected. This is not forensic analysis—it is litigation advocacy.

26. The APA's Specialty Guidelines for Forensic Psychology (2013) prohibit diagnoses absent direct evaluation, informed consent, and full disclosure of limitations. Dr. Carney failed all three: no direct evaluation, no consent for observation, and no disclosure of limitations.

27. His conduct also violated constitutional privacy protections. The undisclosed surveillance occurred in a psychological setting without notice or consent, implicating *Jaffee v. Redmond*, 518 U.S. 1 (1996), and *Katz v. United States*, 389 U.S. 347 (1967).

28. Expert testimony must meet the standards of *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993)—including testability, reliability, and proper application. Dr. Carney's methods satisfy none of these criteria.

(5)

29. The "folie à deux" diagnosis, rendered without interview or trauma history, is scientifically baseless and ethically indefensible. It introduced stigma, undermined Defendant's credibility, and distorted the record.

30. In custody matters, even the appearance of evaluator bias is grounds for disqualification. See *Ex parte Knox, Ex parte C.L.*, and *Miller v. Miller*, 336 So. 2d 654, 658 (Ala. Civ. App. 1976). Dr. Carney's failure to apply clinical methods and his inflammatory conclusions render him unfit to serve as a neutral evaluator in this or any custody proceeding.

## C. Retraumatization and Coercion of Child Witness

31. Dr. Carney testified that the minor child, G.G., recalled Plaintiff strangling Defendant, then dismissed her detailed account as a "false or implanted memory" because she would not accept alternate explanations—despite never interviewing Defendant.

32. He further asked, "Why was your mom arrested then?"—a coercive and shaming tactic that constitutes witness tampering and retraumatization.

33. On cross-examination, Dr. Carney admitted he was unaware that Plaintiff had been convicted of false reporting—the very event behind Defendant's wrongful arrest. He questioned the child's credibility using an incomplete and distorted narrative.

34. Dr. Carney also testified the child was influenced by "Wiccan practices and beliefs," which he attributed to Defendant without ever having spoken to her. This statement reflects clear religious bias, violates the requirement of evaluator neutrality, and constitutes a First Amendment violation under the Establishment and Free Exercise Clauses. Defendant objected on the record to this prejudicial line of testimony, but the Court allowed Dr. Carney to proceed. The use of unfounded religious characterizations to

discredit a parent is constitutionally impermissible and independently disqualifies Dr. Carney under Rule 702.

### D. Improper Inferences from MMPI Results

35. Dr. Carney testified that Defendant's MMPI results supported his conclusions, while admitting he conducted no follow-up interview or trauma screening.

36. The MMPI is a screening instrument, not a diagnostic tool. Ethical standards require follow-up, trauma history, and clinical context before any diagnostic interpretation. Dr. Carney ignored all of these safeguards.

37. Without individualized context, his interpretations are speculative and inadmissible under Rule 702.

38. Testimony based on edited footage, misuse of psychological instruments, and absence of direct evaluation cannot meet evidentiary standards. Dr. Carney's conclusions are not expert analysis—they are unsupported, biased, and prejudicial opinions framed to serve one party.

## IV.   Prejudice, Ambush, and Due Process Violations

39. Defendant was denied s a copy of her own evaluation, advance notice of the surveillance video, and the opportunity to meaningfully prepare for or rebut testimony.

40. These procedural failures constitute a direct violation of Defendant's due process rights under the Fourteenth Amendment. She was ambushed with undisclosed evidence, denied basic procedural safeguards, and subjected to rulings based on incomplete and misleading information.

41. Under Rule 403, Ala. R. Evid., the prejudicial impact of the video clip far outweighed any probative value. Under Rule 37, Ala. R. Civ. P., sanctions are warranted for discovery abuse and testimonial misconduct.

42. The involvement of the Alabama Department of Human Resources (DHR) in this case—despite the absence of any report, investigation, or dependency action pending against Defendant—further underscores the appearance of collusion, bias, and institutional misconduct. Defendant retains sole physical custody of the children, and no statutory basis exists for DHR participation. Their presence, in combination with the Court's continued use of Dr. Carney despite repeated appellate rebukes, supports a finding of systemic corruption and intentional deprivation of rights under color of law.

V. Pattern of Diagnostic Misconduct and Bias Warrants Disqualification

44. Dr. Carney's evaluations and testimony fail the admissibility standard under Rule 702, Ala. R. Evid., and reveal a documented pattern of unethical diagnostic practices, particularly in custody and DHR-related cases.

45. He has served as a court-appointed evaluator across Alabama, where appellate courts have repeatedly overturned decisions based on his testimony due to lack of foundation, speculative diagnoses, and ethical violations.

47. This pattern reflects a known and documented phenomenon: the weaponization of mental health labels to discredit protective mothers in custody disputes.

48. The following Alabama cases involve Dr. Carney as the court-appointed or DHR-retained evaluator. In each, courts either reversed or questioned the legal decisions made based on his testimony:

a. *Jeana Lyne Hamilton v. Kenneth Ray Hamilton* (2024) – Dr. Carney's diagnosis of the mother was based on observation alone, without full evaluation. The appellate court reversed, citing lack of foundation and improper reliance on psychological impressions.

b. *L.C. v. Jefferson County DHR* (2021) – Dr. Carney testified to delusional disorder based solely on a mother's insistence that she and her child were being surveilled and harassed. The court found the evaluation lacked sufficient data and ignored trauma context.

c. *White v. White* (2018) – Dr. Carney's testimony led to a custody shift to the father, despite no allegations of abuse against the mother being substantiated. The appellate court criticized the evaluator's failure to account for trauma and context.

d. *Randolph County DHR v. K.W. and C.J.* (2022) – Carney diagnosed the mother based on minimal contact and demeanor, labeling her as unfit. The appellate court reversed termination of parental rights, citing due process violations and flawed expert reliance.

e. *In re: Termination of Parental Rights of C.S.* (2014) – Carney's testimony lacked direct evaluation or objective metrics. The decision to terminate rights was overturned on evidentiary grounds.

f. *M.A.D. v. Jefferson County DHR* (2024) – Dr. Carney disregarded the child's own statements, relying on generalized psychological claims. The court determined that his conclusions lacked clinical rigor and allowed undue prejudice.

49. These cases establish a clear judicial record: Dr. Carney consistently issues damaging, unsupported diagnoses that disproportionately harm mothers and benefit the party or agency seeking custody removal.

50. His involvement in this case follows the same trajectory—diagnosis without proper evaluation, speculation over data, disregard for trauma, and bias favoring the Plaintiff. Continued reliance on his testimony perpetuates an established pattern of judicial error. Disqualification is legally and ethically required.

## VI. Continued Use of Dr. Carney by This Court and DHR, Despite Appellate Rebukes, Reflects Institutional Bias and Corruption

51. Multiple appellate decisions have harshly rebuked Dr. Carney's methods and testimony—particularly in cases involving protective mothers. Yet this Court and DHR continue to retain him as a psychological evaluator in custody matters.

52. The repeated appointment of an evaluator whose testimony has been publicly rejected and overturned by Alabama appellate courts reflects not neutrality, but an institutional alliance that rewards known misconduct.

53. Continued reliance on Dr. Carney—despite a documented pattern of appellate reversals—signals judicial bias and systemic dysfunction. No court committed to due process and equal protection would continue to empower an expert with a well-established record of prejudice and ethical failure.

54. Institutional bias is not cured by repetition. When courts knowingly retain discredited professionals, they become complicit in the resulting harm. Defendant cannot receive a fair trial while this Court continues to elevate a biased evaluator and disregard binding appellate precedent that condemns his conduct.

## VII. Relief Requested

WHEREFORE, Defendant respectfully requests that this Court enter an order:

1. Disqualifying Dr. Jack Carney, Ph.D., from any further involvement in this matter due to demonstrated bias, ethical violations, and failure to meet the standards required under Rule 702, Ala. R. Evid.;

2. Striking in full all testimony provided by Dr. Carney at the December 17, 2024 hearing, including any reference to diagnostic impressions, behavioral observations, or expert conclusions;

3. Striking and excluding from the record all evaluations, reports, scoring sheets, notes, and written or oral communications authored by Dr. Carney concerning Defendant or her minor children;

4. Excluding from evidence the surveillance video excerpt introduced by Dr. Carney as incomplete, misleading, and inadmissible under Rule 106 and Rule 403, Ala. R. Evid.;

5. Excluding any and all references to Dr. Carney's evaluations, testimony, reports, or impressions from all pending and future pleadings, motions, arguments, and judicial consideration;

6. Sanctioning Dr. Carney and opposing counsel pursuant to Rule 37, Ala. R. Civ. P., for discovery abuse, evidentiary misconduct, and bad faith;

7. Vacating all orders, findings, or rulings entered in this matter that relied in whole or in part on Dr. Carney's evaluations, testimony, or submissions, as the record has been irreparably tainted by unconstitutional and evidentiary violations;

8. Awarding any such further relief as this Court deems necessary to protect the due process rights of Defendant, safeguard the integrity of the proceedings, and prevent further harm to the minor children.

## VIII. Conclusion

From the moment Defendant sought legal protection and disclosed abuse by Plaintiff, this case was diverted from the rule of law into a process weaponized by judicial officers and court-appointed actors. At the center of this misconduct stands Dr. Jack Carney, whose evaluations, testimony, and actions violated every applicable rule of evidence, every requirement of evaluator neutrality, and multiple constitutional safeguards. His misconduct was not isolated — it was institutionalized, enabled, and affirmed by this Court and its officers.

Dr. Carney submitted inadmissible evidence, rendered speculative and prejudicial diagnoses without evaluation, retraumatized a child witness, and introduced religious bias in direct violation of the First Amendment. This Court allowed it. His evaluations were never authorized for disclosure. His testimony was built on undisclosed and manipulated evidence. Every step of this process has compounded the harm to victims of domestic violence, violating federal law.

The record is not merely flawed — it is irrevocably tainted. The legal standard under Rule 702 has not been met. The requirements of due process have not been satisfied. The constitutional protections owed to Defendant and her children have been trampled.

This is not a case that can be cured by exclusion or reconsideration. It must be vacated in full. The only lawful remedy is the complete disqualification of Dr. Carney, the exclusion of all evidence he introduced or influenced, and the vacatur of all findings and orders derived from his involvement. To do less is to ratify constitutional violations under color of law.

Respectfully Submitted this 29 Day of March, 2025,

*Sarah Grissom*

(12)

Sarah Grissom, pro se
grissomsarah22@gmail.com
217-345-0615

## Certificate of Service

I hereby certify that I have on this the 29 day of March, 2025, served a true and correct copy of the foregoing Motion to Disqualify Dr. Jack Carney, Strike All Testimony and Reports, and Vacate All Related Orders by placing the same in the United States Mail, properly addressed and first-class postage prepaid, to the following:

Jason Spry
602 Nichols Avenue
Fairhope, AL 36532

Joshua Kesling
24821 Commercial Avenue, Suite 5
Orange Beach, AL 36561

Respectfully submitted,

*Sarah Grissom*

Sarah Grissom
Defendant, Pro Se

## Exhibit List

Exhibit A – June 4, 2024 Court Orders for Psychological Evaluations

Exhibit B – July 15, 2024 Court Order Threatening Contempt for Evaluation Compliance

Exhibit C – November 27, 2024 Motion Filed by Kesling, with Exhibit A: Letter from Dr. Carney stating he released a report to the Court on September 4, 2024. The report was never served to Defendant.

Exhibit D – February 10, 2025 Motion by Kesling, relying on undisclosed report and selectively edited video introduced by Dr. Carney to support adverse action against Defendant.

Exhibit E – February 12, 2025 Court Order Based on Dr. Carney's Biased and Unreliable Testimony

Exhibit F – March 10, 2025 Motion by GAL Jason Spry Requesting Further Evaluations, Relying on Dr. Carney's Testimony

Exhibit G – March 12, 2025 Court Order Adopting Findings Based on Carney's Inadmissible and Prejudicial Testimony




Logout | Contact Us | FAQ | E-File Information

Complaints | Discovery | Court Exhibits (beta) | Motions | Post Judgment | Miscellaneous | Notice of Appeal | Email | Update Account | My Logs

User ID:GRISSOMSARAH22@GMAIL.COM -PROSE

## Motion Details

E-File Document

| | |
|---|---|
| Motion Type: | Strike |
| Filer: | D001 - GRISSOM SARAH (Attorney: 036GRI) |
| County: | 05-BALDWIN |
| Case Number: | DR-2021-901303.07 |
| Style: | JOHN GRISSOM V. SARAH GRISSOM |
| JID: | WES - WILLIAM E. SCULLY JR |
| Setting Date: | NOT SET |
| Status: | DISPOSED |
| File Date: | 3/29/2025 10:41:05 PM |
| Disposition: | DENIED |
| Disposition Date: | 4/1/2025 10:34:51 AM |
| Disposed By: | WES |

exhibit TRO 10-C

| Filing | Party | Attorney |
|---|---|---|
| Order | | WES |
| Strike | D001 - GRISSOM SARAH | 036GRI |

| Title | Description |
|---|---|
| MOTION_COVER_SHEET | Motion Cover Sheet |
| MOTION | Motion to disqualify and strike all testimony |
| EXHIBIT | Exhibit a: orders in violation of rule 35 and 26 |
| EXHIBIT | Exhibit b: Court order voiding informed consent due to coercion and punitive conditions |
| EXHIBIT | Exhibit C: 11/27/24 Motion by Plaintiff Relying on Dr. Carney's Testimony, with Ex Parte Progress Report Attached---Disclosed Without Court Authorization, Informed Consent, Waiver, or Protective Order |
| EXHIBIT | Exhibit D: 2-10-25 Motion by Plaintiff Influencing the Record Based on Dr. Carney's Testimony and Reports Disclosed Without Authorization, Informed Consent, or Waiver of Privilege |
| EXHIBIT | Exhibit E: adverse ruling- court's order Granting 2-10-25 Motion Based on Improperly Disclosed Testimony, Demonstrating Judicial Reliance on Unauthorized and Privileged Material |
| EXHIBIT | Exhibit F: Motion by GAL Jason Spry Seeking Parenting Restrictions and DHR Transport Based on Unauthorized Evaluation, Ex Parte Report, and Improper DHR Involvement Without a Dependency Action |
| EXHIBIT | Exhibit g: Court Order Adopting GAL's Recommendations Based on Unauthorized Evaluation and Ex Parte Report, Permitting DHR Involvement Without Dependency Action |