**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2025

JEFFREY P. COLWELL
CLERK

Civil Action No.

Case No: 1:25-cv-00895-RTG
_____
(To be supplied by the court)

SARAH GRISSOM
_____, Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
 X  **Yes** ___ **No**

See Attached.
_____,

_____,

_____,

_____, Defendant(s).

*(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)*

---

**COMPLAINT**

---

| NOTICE |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. |
| **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

<u>Defendants,</u>

1. Joshua Kesling,
2. Dr. Jack Carney, Ph.D.,
3. John Grissom,
4. Olivia Newton,
5. Baldwin County Department of Human Resources,
6. Alabama Department of Human Resources,
7. Laurie Hoyt, in her official capacity as Assistant Attorney General for Department of Human Resources,
8. Baldwin County Sheriff's Office,
9. Baldwin County Sheriff Anthony Lowery, in his official capacity as Baldwin County Sheriff,
10. Baldwin County, Alabama,
11. City of Orange Beach, Alabama
12. Judge William Scully Jr., is his official capacity as Baldwin County Judge,
13. Jason Spry, in his official capacity as Guardian ad Litem,
14. Kesling Law,
15. Orange Beach Police Department.

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Sarah Grissom, individually and on behalf of her minor children, 6 Quail Run Drive, Charleston, IL 61920

(Name and complete mailing address)

217-345-0615, grissomsarah22@gmail.com

(Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:    Joshua Kesling, 24821 Commercial Avenue, Suite 5, Orange Beach, AL 36561

(Name and complete mailing address)

205-799-0056

(Telephone number and e-mail address if known)

Defendant 2:    Dr. Jack Carney, Clarity Health, 2054 Dauphin Street, Mobile, AL 36606

(Name and complete mailing address)

251-444-0666

(Telephone number and e-mail address if known)

Defendant 3:    John Grissom, 6902 Summerset Drive, Gulf Shores, AL 36562

(Name and complete mailing address)

251-987-4127, jgrissom17@yahoo.com

(Telephone number and e-mail address if known)

Defendant 4:    Olivia Newton, 24821 Commercial Ave., Suite 5, Orange Beach, AL 36561

(Name and complete mailing address)

(Telephone number and e-mail address if known)

2

B. DEFENDANT'S INFORMATION

1. Joshua Kesling, as listed.
2. Jack Carney, as listed.
3. John Grissom, as listed.
4. Olivia Newton, as listed.
5. Baldwin County Department of Human Resources
   22259 Palmer Street, Robertsdale, AL 36567
6. Alabama Department of Human Resources
   Gordon Persons Building, 50 Ripley Street, Montgomery, AL 36130
7. Laurie Hoyt, in her official capacity as Assistant Attorney General for Department of Human Resources
   Office of the Attorney General, 501 Washington Avenue, Montgomery, AL 36104
8. Baldwin County Sheriff's Office
   310 Hand Avenue, Bay Minette, AL 36507
9. Sheriff Anthony Lowery, in his official capacity as Baldwin County Sheriff
   310 Hand Avenue, Bay Minette, AL 36507
10. Baldwin County, Alabama
    312 Courthouse Square, Bay Minette, AL 36507
11. City of Orange Beach, Alabama
    4099 Orange Beach Boulevard, Orange Beach, AL 36561
12. Judge William Scully Jr., in his official capacity as Baldwin County Judge
    312 Courthouse Square, Bay Minette, AL 36507
13. Jason Spry, in his official capacity as Guardian ad Litem
    211 S Cedar Street, Foley, AL 36535
14. Kesling Law
    24821 Commercial Avenue, Suite 5, Orange Beach, AL 36561
15. Orange Beach Police Department
    4480 Orange Beach Boulevard, Orange Beach, AL 36561

**C.    JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

X__    Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983, 34 U.S.C. § 12291 et seq. (VAWA), 42 U.S.C. § 5101 et seq. (CAPTA)

42 U.S.C. § 10401 et seq. (FVPSA), 28 U.S.C. § 1738A (PKPA), 42 U.S.C. § 12101 et seq. (ADA)

____    Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of _____.

If Defendant 1 is an individual, Defendant 1 is a citizen of _____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _____ (name of state or foreign nation).

Defendant 1 has its principal place of business in _____ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

### D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action.  For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s).  Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:    Count I: First Amendment Retaliation (42 U.S.C. § 1983)

Supporting facts:

Plaintiff was retaliated against for filing police reports, court motions, and public records documenting abuse. Her speech was chilled through punitive actions, threats, incarceration, and sanctions.
Dates: December 2021 through April 2025 and ongoing
Defendants: Judge Scully, Joshua Kesling, Olivia Newton, Jason Spry, Alabama DHR
Facts: On February 25, 2025, After filing motions and objections to unlawful psych evals, Plaintiff was jailed within 36 hours on a void contempt warrant. Judge Scully later stated on the record the arrest was for "interference." Defendants used jail footage and court power to punish and chill Plaintiff's legal speech. Protected advocacy was mischaracterized to suppress petitioning.
In December 2021, February 2022, and June 2024, Plaintiff was ordered to undergo drug testing and psychological evaluations following her efforts to secure safety via filing police reports and petitions for protection from abuse. In June 2024, plaintiff's child was ordered to psychological evaluation following her disclosure of abuse. In February 2025, Plaintiff's remaining children were ordered to psychological evaluations following their disclosures of abuse.

*See attached for remaining and additional claims.*

**Claims, Continued.**

**Count II – First Amendment: Religious Discrimination and Retaliatory Targeting**

**Legal Basis**: 42 U.S.C. § 1983 – Violation of First Amendment rights
**Date(s)**: Ongoing – Specific events during psychological evaluations and courtroom proceedings on December 17, 2024.
**Defendants**: Dr. Jack Carney, Attorney Joshua Kesling, Judge William Taylor, and other unnamed officials acting under color of law

**Summary**:
Plaintiff alleges that Defendants engaged in religious discrimination and retaliation by fabricating claims about her religious beliefs during court proceedings and psychological evaluations. Without factual basis, Defendants—specifically Dr. Jack Carney and Attorney Joshua Kesling,. —falsely characterized Plaintiff as practicing Wicca or other non-Christian religions. These fabrications were introduced to discredit Plaintiff, paint her as morally deficient, and justify adverse rulings regarding her parental fitness and custody of her children. Defendant Judge William Scully Jr. allowed the testimony to proceed and chilled Plaintiff's objections. The actions of Defendants created a false narrative to undermine Plaintiff's credibility, causing reputational harm, emotional distress, and contributing to an unfair custody determination. These actions violated Plaintiff's First Amendment rights to freedom of religion and protection from government-imposed religious tests. Plaintiff seeks declaratory and injunctive relief and reserves the right to pursue damages later.

---

**Count III – Unlawful Seizure and False Arrest**

**Legal Basis**: 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
**Date**: February 25, 2025, F
**Defendants**: Orange Beach Police Department and unnamed OBPD officers, Baldwin County Jail/Sheriff's office

**Summary**:
On or about February 25, 2025, Plaintiff was unlawfully seized by officers from the Orange Beach Police Department. Without any notice, explanation, or presentation of a warrant, Plaintiff was followed by officers from a private business into a residential area. The officers surrounded her home and conducted a coordinated search operation. When Plaintiff was located, officers pointed firearms at her, ordered her to raise her hands, and arrested her without stating the reason for her detention. After being transported and booked, she was told she was being held under a "writ of arrest." The next day, Baldwin County Jail officials stated the justification was "failure to pay child support"—a claim that was inaccurate, as Plaintiff had no existing support obligation. The civil alias warrant used for her arrest had been issued without notice, hearing, or probable cause. Plaintiff asserts that the arrest was illegal and unconstitutional, violating her rights under the Fourth and Fourteenth Amendments. She seeks declaratory and injunctive relief and reserves the right to seek compensatory and punitive damages.

**Count IV – Unlawful Search of Person and Property**

**Legal Basis**: 42 U.S.C. § 1983 – Fourth Amendment
**Date**: February 25–26, 2025 (incident tied to Count III arrest and booking)
**Defendants**: Orange Beach Police Department officers, Baldwin County Jail staff, and other unnamed state actors

**Summary**:
Plaintiff alleges that, in connection with the same February 25, 2025, unlawful arrest, Defendants violated her Fourth Amendment rights by conducting warrantless and invasive searches of her property and person. OBPD officers misrepresented their intent to a third-party homeowner in order to gain access to private property, where they brandished weapons and compelled Plaintiff's surrender. She was subjected to a pat-down, her personal belongings were searched, and upon booking into the Baldwin County Jail, Plaintiff endured a full strip and cavity search. These searches were executed without probable cause, a valid warrant, or lawful justification, especially considering the arrest stemmed from a civil contempt warrant—not a criminal charge. Plaintiff asserts that the searches were unreasonable and unconstitutional. She seeks declaratory and injunctive relief and reserves the right to pursue compensatory and punitive damages.

**Count V – Excessive Force and Coercive Use of Law Enforcement Power**

**Legal Basis**: 42 U.S.C. § 1983 – Fourth Amendment
**Date**: February 25, 2025
**Defendants**: Officers of the Orange Beach Police Department, acting under color of law

**Summary**:
On February 25, 2025, Plaintiff was subjected to an unreasonable and excessive use of force by officers of the Orange Beach Police Department. Officers approached Plaintiff without warning or announcement of a warrant and proceeded to pursue her on foot. Upon locating her, they surrounded her with drawn firearms, physically kicked her, and forcibly handcuffed her. Plaintiff was then transported while in visible distress and detained under harsh and inhumane conditions. The force used against Plaintiff was not in response to any immediate threat or criminal act but stemmed from a retaliatory civil contempt warrant related to her protected court filings. The warrant was void ab initio, making the arrest and force unjustified. This conduct constituted an unreasonable seizure and excessive force, violating Plaintiff's rights under the Fourth Amendment. Plaintiff seeks declaratory and injunctive relief and reserves the right to pursue compensatory and punitive damages.

**Count VI – Failure to Intervene by Bystander Officers**

(2)

**Legal Basis**: 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
**Date**: February 25, 2025
**Defendants**: Unnamed OBPD officers present during Plaintiff's arrest and seizure

**Summary**:
Multiple officers from the Orange Beach Police Department were present when Plaintiff was unlawfully arrested, subjected to excessive force, and searched without probable cause. These bystander officers observed or participated in constitutional violations, including an unlawful entry, warrantless seizure, and retaliatory use of state force. Despite having a realistic opportunity to intervene or object to the unlawful conduct, these officers failed to act. Their inaction directly contributed to Plaintiff's humiliation, emotional harm, and continued unlawful detention. The failure to intervene violated clearly established rights under the Fourth and Fourteenth Amendments. Plaintiff seeks declaratory and injunctive relief and reserves the right to pursue damages later.

---

### Count VII – Unlawful Bodily Intrusion: Forced Psychological Evaluations and Drug Testing

**Legal Basis**: 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
**Date(s)**: Ongoing; includes more than 30 drug tests between 2022 and 2025
**Defendants**: Court actors under Baldwin County jurisdiction, including Judge William Scully Jr., court staff, Attorneys Joshua Kesling, Olivia Newton, Jason Spry and evaluators acting under color of law

**Summary**:
Plaintiff and her minor child, G.G., were compelled to undergo forced psychological evaluations and repeated drug testing without any valid court order supported by necessity, individualized findings, or due process. These orders were executed under color of law by court actors who failed to demonstrate any evidentiary justification or probable cause. Plaintiff was forced to undergo over thirty drug tests, often involving removal of clothing and exposure in supervised settings. Despite no findings that she posed any danger, procedural safeguards were not followed. When Plaintiff objected to these intrusions, she was threatened with contempt and subsequently arrested. G.G., who disclosed abuse during an evaluation, was ignored or punished by court officials. The actions against Plaintiff and her child violated their Fourth and Fourteenth Amendment rights by subjecting them to unlawful bodily intrusion, search, and seizure. Plaintiff seeks declaratory and injunctive relief and reserves the right to seek damages.

---

### Count VIII – Civil Conspiracy to Violate Constitutional Rights

**Legal Basis**: 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
**Date(s)**: February 4, 2025 (initial contempt motion) through February 25, 2025 (arrest and detention)

**Defendants**: Judge William Scully, GAL Jason Spry, attorneys Joshua Kesling and Olivia Newton, Baldwin County Sheriff's Office, Orange Beach Police Department officers

**Summary**:
Plaintiff alleges that multiple officials and actors—including Judge William Scully, GAL Jason Spry, attorneys Joshua Kesling and Olivia Newton, and law enforcement officers from the Baldwin County Sheriff's Office and Orange Beach Police Department—conspired to deprive her of her constitutional rights. On or about February 4, 2025, Defendants permitted a contempt motion to be introduced without notice, mere hours after it was filed. An alias warrant was issued without a stated charge, designed to mislead law enforcement into executing an immediate arrest, bypassing legal review. On February 25, 2025, Plaintiff was hunted, arrested without notice, and her property unlawfully searched. Officers failed to articulate a valid cause for her detention. After her arrest, Defendants created false post hoc justifications, such as "eluding arrest" and "failure to pay child support," though there were no criminal charges or valid support orders. The group coordinated to deny Plaintiff access to release by blocking bond reductions and ignoring procedural violations. This collective misconduct reflected more than mere parallel errors—it was a shared plan to silence, punish, and retaliate against Plaintiff for her legal advocacy. The conspiracy led to unlawful detention, bodily harm, emotional distress, and severe due process violations. Plaintiff seeks declaratory and injunctive relief, and reserves the right to pursue compensatory and punitive damages.

---

## Count XIV – Unlawful Seizure and Dissemination of Sensitive Surveillance Footage

**Legal Basis**: 42 U.S.C. § 1983 – Fourth Amendment
**Date(s)**: February 25–26, 2025
**Defendants**: Joshua Kesling, John Grissom, Judge William Scully, and other unnamed state actors

**Summary**:
While detained at the Orange Beach Police Department and Baldwin County Jail, Plaintiff was recorded by surveillance cameras at all times, including during highly invasive and vulnerable moments such as using the toilet, being strip searched, and undergoing cavity searches. These recordings occurred without Plaintiff's knowledge, consent, or the opportunity to opt out and were unconnected to any criminal proceedings. On or about February 26, 2025, Defendants Joshua Kesling and John Grissom filed subpoenas requesting full access to Plaintiff's booking records and surveillance footage from her detention. These materials had no bearing on any legitimate custody or civil proceeding and appeared to be intended solely to humiliate and intimidate Plaintiff by exposing her in degrading conditions. Judge William Scully immediately granted these subpoenas and denied Plaintiff her statutory right to object, ignoring her emergency motion to quash for eleven days before denying it without hearing or explanation. Defendants' conduct constituted a seizure and dissemination of private bodily imagery and data in violation of Plaintiff's Fourth Amendment rights. Plaintiff seeks declaratory and injunctive relief and reserves the right to pursue compensatory and punitive damages.

**Count XV – Deprivation of Liberty Without Due Process**

**Legal Basis**: 42 U.S.C. § 1983 – Fifth and Fourteenth Amendments
**Date**: February 25–26, 2025
**Defendants**: Judge William Scully, OBPD officers, Baldwin County Jail staff, and other court actors involved in Plaintiff's arrest and detention

**Summary**:
Plaintiff was arrested and incarcerated without receiving notice, a hearing, or any adjudication of willful noncompliance with a court order. The arrest stemmed from a civil contempt warrant related to disputed Guardian ad Litem fees—not child support—yet was improperly processed and enforced as a support-related violation. This misclassification triggered harsher arrest and bond procedures. Plaintiff was detained for more than 24 hours under punitive conditions, despite no criminal conviction or procedural justification. The detention was carried out without the fundamental due process protections guaranteed under the Fifth and Fourteenth Amendments. Plaintiff seeks declaratory and injunctive relief, reserving the right to seek damages at a later stage.

**Count XVI – Violation of the Right Against Self-Incrimination and Procedural Due Process**

**Legal Basis**: 42 U.S.C. § 1983 – Fifth Amendment
**Date**: February 25–26, 2025 (and related civil hearings thereafter)
**Defendants**: OBPD officers, Baldwin County Jail staff, Kesling, Grissom, and Judge Scully

**Summary**:
While in custody, Plaintiff was never informed of her Miranda rights, was not told the nature of any criminal charge, and was questioned on matters unrelated to any formal criminal proceeding. Defendants—including Kesling and Grissom—then subpoenaed Plaintiff's custodial surveillance footage, financial records, and booking documents, using them in unrelated civil matters. These materials, obtained through Plaintiff's detention, were disseminated and used without a valid hearing or opportunity for Plaintiff to object. The court denied Plaintiff's emergency motion to quash these subpoenas, allowing private custodial data to be introduced against her without appropriate procedural safeguards. This violated Plaintiff's Fifth Amendment rights, including her protection against self-incrimination and right to fair legal process. Plaintiff seeks declaratory and injunctive relief and reserves the right to seek damages.

**Count XVII – Deprivation of Parental Rights and Procedural Fairness**

**Legal Basis**: 42 U.S.C. § 1983 – Fifth and Fourteenth Amendments
**Date(s)**: Ongoing; specific incidents during court-ordered psychological evaluations (exact dates

not specified)
**Defendants**: GAL Jason Spry, Judge Scully, Dr. Jack Carney, Kesling, and unnamed court actors and staff

**Summary**:
Plaintiff alleges that Defendants, acting under color of law, unlawfully compelled her minor children to participate in psychological evaluations and custodial interviews without Plaintiff's presence, consent, or legal guardian involvement. Plaintiff was explicitly barred from transporting, attending, or accompanying her children during these evaluations. No lawful hearing was held to authorize her exclusion, and no evidence was presented to justify the denial of her parental rights during such invasive and sensitive procedures. These actions deprived both Plaintiff and her children of their substantive and procedural due process rights under the Fifth and Fourteenth Amendments. The exclusion was not based on a finding of parental unfitness or harm and occurred without any opportunity to be heard. Plaintiff seeks declaratory and injunctive relief to preserve her parental rights and prevent future violations. She reserves the right to seek compensatory and punitive damages.

---

## Count XVIII – Deprivation of Fair Process and Trial Rights

**Legal Basis**: 42 U.S.C. § 1983 – Sixth Amendment
**Date(s)**: February–March 2025 (detention and court proceedings), with ongoing effects
**Defendants**: Judge William Scully, Joshua Kesling, Guardian ad Litem Jason Spry, Dr. Jack Carney, and others acting under color of law

**Summary**:
Plaintiff alleges that Defendants violated her Sixth Amendment rights by introducing prejudicial, humiliating, and unreviewed evidence into civil proceedings affecting custody and liberty. While in pretrial detention, Plaintiff was recorded during strip searches, toileting, and invasive procedures. These recordings were later introduced into court without giving Plaintiff an opportunity to review or object. Judge Scully waived her right to object to the subpoenas and delayed ruling on Plaintiff's emergency motion to quash until after the material was already disseminated to opposing counsel, the GAL, and her abuser. Plaintiff was also denied access to psychological evaluation reports concerning herself and her child, which were introduced in court without prior review. She was forced to cross-examine the evaluator, Dr. Jack Carney, on the spot, in front of a hostile judge, without adequate preparation or access to the evidence being used against her. This denied Plaintiff the right to confront witnesses, challenge evidence, and participate meaningfully in the proceedings. These events violated her Sixth Amendment right to fair process and adversarial proceedings. Plaintiff seeks declaratory and injunctive relief and reserves the right to pursue compensatory and punitive damages.

---

## Count XIX – Biased Legal Process and Structural Coercion

**Legal Basis**: 42 U.S.C. § 1983 – Sixth Amendment
**Date(s)**: Ongoing; significant events occurred between 2022–2025
**Defendants**: Guardian ad Litem Jason Spry, Judge William Scully, Attorney Joshua Kesling, and other court officers

**Summary**:
Plaintiff asserts that the structural arrangement of her custody case violated her Sixth Amendment rights due to biased procedures and the improper delegation of power to the Guardian ad Litem, Jason Spry. Despite having no legal standing to act as a party in the custody matter, Spry filed unauthorized motions, initiated contempt proceedings, and requested psychological evaluations that led to Plaintiff's arrest and humiliation. Spry was closely aligned with Joshua Kesling and Plaintiff's abuser, and he engaged in ex parte communications. Judge Scully permitted Spry to exercise procedural authority over the case, undermining Plaintiff's rights to neutral adjudication and adversarial process. Plaintiff's ability to present evidence, challenge false claims, and receive a fair trial was stripped away through this biased structure. These proceedings were characterized by judicial favoritism, suppression of Plaintiff's filings, and coercive control by non-neutral actors, depriving Plaintiff of her Sixth Amendment right to a fair and unbiased process. Plaintiff seeks declaratory and injunctive relief and reserves the right to pursue compensatory and punitive damages.

---

## Count XX – Cruel and Unusual Punishment

**Legal Basis**: 42 U.S.C. § 1983 – Eighth Amendment
**Date**: February 25–26, 2025
**Defendants**: Judge William Scully and other court actors acting under color of law

**Summary**:
Plaintiff was arrested and jailed under a fabricated civil contempt warrant arising from her legal objection to unjustified psychological evaluations. The warrant was issued without probable cause, legal justification, or procedural safeguards. Despite the civil nature of the alleged infraction, Plaintiff was jailed, stripped, and subjected to severe punitive conditions. Judge Scully later stated publicly that Plaintiff "wound up in jail" for "interfering" with the evaluations—despite no such formal charge—indicating a retaliatory motive. The punishment inflicted was grossly disproportionate to the alleged conduct, served no legitimate purpose, and amounted to state retaliation for Plaintiff's protected legal objections. Plaintiff endured public humiliation, separation from her children, and severe emotional trauma. These actions violated the Eighth Amendment's prohibition against cruel and unusual punishment and reflected arbitrary abuse of state power. Plaintiff seeks declaratory and injunctive relief and reserves the right to pursue compensatory and punitive damages.

---

## Count XXI – Inhumane Conditions of Confinement

**Legal Basis**: 42 U.S.C. § 1983 – Eighth and Fourteenth Amendments
**Date**: February 25–26, 2025
**Defendants**: Baldwin County Jail staff, Orange Beach Police Department, Judge William Scully, and other actors involved in Plaintiff's detention

**Summary**:
Plaintiff was subjected to degrading, unsafe, and retaliatory conditions while in pretrial detention for a civil contempt matter. She was confined in a cell with bright lights kept on throughout the night, depriving her of sleep and aggravating trauma-related symptoms. Plaintiff was denied restroom privacy and exposed to surveillance cameras and male staff while using the toilet and changing clothing. Jail officials refused to provide her medically necessary items such as contact lens solution and denied her food that complied with her documented dietary restrictions. She was left without water for extended periods, forced to wear unsanitary uniforms and shoes, and made to change into felony-colored attire despite being held for a civil contempt issue. Plaintiff was subjected to unnecessary strip searches without any suspicion of criminal behavior or contraband. These conditions were excessive and unnecessary for any safety or security purpose and inflicted psychological trauma. Defendants acted with deliberate indifference to Plaintiff's physical and mental well-being, violating the Eighth Amendment and her due process rights under the Fourteenth Amendment.

---

## Count XXII – Excessive Fines and Bail

**Legal Basis**: 42 U.S.C. § 1983 – Eighth Amendment
**Date**: February 25–26, 2025
**Defendants**: Judge William Scully, Baldwin County Sheriff's Office, OBPD officers, and other officials who processed and enforced Plaintiff's civil warrant

**Summary**:
Plaintiff was arrested and held on a contempt warrant falsely described as related to unpaid child support, when in fact it was based on disputed Guardian ad Litem (GAL) fees unrelated to any Title IV-D support enforcement. Defendants misclassified the debt to justify Plaintiff's arrest and subject her to punitive enforcement mechanisms reserved for child support violations. Plaintiff was assigned a high cash-only bond without a hearing or inquiry into her financial ability to pay, in direct violation of constitutional standards. The bond was punitive in nature, served no valid rehabilitative or deterrent function, and was used as a coercive tool to suppress Plaintiff's legal objections and protected speech. These actions constituted excessive fines and punitive bail, violating Plaintiff's Eighth Amendment rights against disproportionate state-imposed financial penalties.

---

## Count XXIII – Deliberate Use of Jail Conditions for Punitive and Retaliatory Purposes

**Legal Basis**: 42 U.S.C. § 1983 – Eighth Amendment
**Date(s)**: February 25–March 2025
**Defendants**: Joshua Kesling, John Grissom, Judge William Scully, Baldwin County Jail staff

**Summary**:
Defendants knowingly obtained and disseminated surveillance video, booking materials, and custodial records that depicted Plaintiff in highly vulnerable and invasive moments during her pretrial detention. These included strip searches, medical procedures, and footage of Plaintiff using the toilet. The materials were requested via subpoena and used in unrelated custody proceedings for no evidentiary purpose, but rather to shame, humiliate, and retaliate against Plaintiff for asserting her rights. Judge Scully delayed ruling on Plaintiff's emergency motion to quash for eleven days, by which time the material had already been viewed and used by opposing parties. The deliberate use of carceral surveillance and bodily intrusion for personal retaliation constituted cruel and unusual punishment in violation of the Eighth Amendment.

---

**Count XXIV – Issuing Orders Without Jurisdiction While Rule 60(b)(3) Motion Was Pending**

**Legal Basis**: 42 U.S.C. § 1983 – Fourteenth Amendment – Procedural Due Process
**Date**: February 23, 2024, through 2025
**Defendants**: Judge William E. Scully, Jr.

**Summary**:
On February 23, 2024, Plaintiff filed a Rule 60(b)(3) motion seeking to vacate the final judgment in her divorce and custody case, citing fraud, misconduct, and constitutional violations. Under federal and state rules, the filing of a Rule 60(b)(3) motion divests a court of jurisdiction over the underlying judgment until the motion is adjudicated. Despite this, Judge William Scully continued exercising judicial authority in the case while the motion was pending and unresolved. He issued substantial orders affecting Plaintiff's liberty, property, and parental rights, including: reappointing the GAL named in the fraud allegations, modifying custody, ordering psychological evaluations of Plaintiff and her children without notice or valid legal procedure, requiring Plaintiff to submit to a 19-panel drug screening, denying her motion for judicial recusal, ordering the sale of her home, and authorizing an alias warrant that resulted in her arrest. These actions were taken while the court lacked jurisdiction and deprived Plaintiff of her rights to be heard, to an impartial tribunal, and to protection from arbitrary state action. They also violated Plaintiff's constitutional rights to bodily integrity, family unity, and residential security under the Fourteenth Amendment. Judge Scully's refusal to recuse himself from ruling on the very motion alleging his bias compounded the procedural due process violations and reflected retaliatory judicial conduct. Plaintiff suffered emotional trauma, reputational harm, parent-child interference, and financial injury as a result.

---

**Count XXV – Violation of Fundamental Parental Rights**

(9)

**Legal Basis**: 42 U.S.C. § 1983 – Fourteenth Amendment
**Date(s)**: Events spanning from early 2024 through 2025 (specific references include Plaintiff's objection to psychological evaluations and subsequent arrest)
**Defendants**: Judge William Scully, Joshua Kesling, John Grissom, Dr. Jack Carney, Guardian ad Litem Jason Spry, and other state actors

**Summary**:
Plaintiff asserts that Defendants, acting under color of law, violated her fundamental parental rights under the Fourteenth Amendment by punishing her for lawfully exercising custodial discretion. Plaintiff objected to involuntary psychological evaluations of her minor child that were ordered without a valid Rule 35 motion, hearing, or individualized findings. The court-ordered evaluations were assigned to Dr. Jack Carney, who had personal and professional ties to opposing counsel, creating an appearance of bias and conflict. Instead of addressing Plaintiff's lawful objections through appropriate judicial process, Defendants retaliated by initiating contempt proceedings and issuing an alias warrant for her arrest. Plaintiff was jailed solely for asserting her parental right to protect her child from unnecessary psychological intrusion.

While detained, Plaintiff's ability to parent was obstructed. Her arrest disrupted family relationships, caused emotional harm, and had a chilling effect on her ability to act in her children's best interests. Defendants further conspired to manufacture a false basis for arrest using civil contempt charges with no valid underlying order, hearing, or legal support. The resulting surveillance footage from her detention—including images of Plaintiff in humiliating and degrading conditions—was obtained through abuse of process and introduced or referenced in child custody proceedings to discredit her. These acts were taken in retaliation for Plaintiff's lawful and constitutionally protected parental advocacy and constituted a direct violation of her right to familial integrity and autonomy. As a result, Plaintiff experienced reputational harm, financial injury, emotional trauma, and disruption of her relationship with her children. These actions constitute a clear violation of Plaintiff's Fourteenth Amendment parental rights.

---

### Count XXVI – Coerced Psychological Evaluations and Violation of Bodily Integrity

**Legal Basis**: 42 U.S.C. § 1983 – Fourth and Fourteenth Amendments
**Date(s)**: Evaluations ordered and carried out between 2024 and 2025
**Defendants**: Judge William Scully, Dr. Jack Carney, Joshua Kesling, John Grissom, and other court officials and actors acting under color of law

**Summary**:
Plaintiff and her minor child G.G. were compelled to undergo involuntary psychological evaluations based solely on motions filed by Defendant John Grissom and his attorney Joshua Kesling, despite Grissom's documented history of domestic violence and abuse. The evaluations were not ordered through a valid Rule 35 motion, nor were they supported by a hearing, factual findings, or evidence of necessity. Instead, they were issued unilaterally and without Plaintiff's consent, in violation of her and her child's rights to bodily integrity and medical privacy.

The evaluations were assigned to Dr. Jack Carney, who had an existing relationship with Defendant Kesling, raising serious concerns about bias and impartiality. Plaintiff and her daughter were threatened with contempt and custody penalties if they did not comply. Plaintiff's legal objections were summarily ignored, and motions to vacate or appeal the orders were denied without hearing. Plaintiff was further required to surrender her child to third-party evaluators, without being allowed to attend, support, or supervise the interaction—despite ongoing trauma, medical sensitivity, and prior abuse disclosures from the child.

These actions violated the Fourth Amendment by constituting an unreasonable and coercive search. They also violated the Fourteenth Amendment's guarantees of procedural and substantive due process, including parental rights. Defendants ignored Plaintiff's custodial authority, elevated the demands of a known abuser, and weaponized psychological evaluations to discredit Plaintiff and suppress credible abuse allegations. These evaluations caused significant emotional harm to both Plaintiff and her daughter, and were used as a tool of judicial retaliation. Plaintiff seeks declaratory and injunctive relief to prevent further unlawful psychological intrusions and to protect her family from continued state-sanctioned coercion.

---

## Count XXVII – Violation of the Equal Protection Clause

**Legal Basis**: 42 U.S.C. § 1983 – Fourteenth Amendment
**Date(s)**: Pattern of conduct spanning from at least 2022 through 2025
**Defendants**: Judge William Scully, Joshua Kesling, Guardian ad Litem Jason Spry, law enforcement officers, and other state actors acting under color of law

**Summary**:
Plaintiff asserts that Defendants engaged in selective enforcement and discriminatory application of judicial and civil procedures in violation of the Equal Protection Clause of the Fourteenth Amendment. Despite multiple documented reports of domestic violence, stalking, and coercive control by Plaintiff's ex-husband—supported by police reports, text message admissions, and eyewitness testimony—Defendants failed to investigate, charge, or arrest him. At the same time, Defendants pursued civil contempt and incarceration against Plaintiff over disputed GAL fees, misclassified as child support, and aggressively enforced these through arrest and high bond conditions.

When Plaintiff's ex-husband failed to appear for a Protection from Abuse (PFA) hearing, the court rescheduled without consequence. By contrast, when Plaintiff inadvertently missed a hearing, the court immediately entered contempt and issued a warrant, even though it had not been noticed as a contempt matter. These disparities demonstrate a broader gender-based pattern where protective mothers are disbelieved and punished, while abusive fathers are protected. GAL Jason Spry filed unauthorized motions and aligned himself with Plaintiff's abuser without consequence, and the court failed to remove or restrain him, despite evidence of misconduct and bias. Defendants' discriminatory treatment was not rooted in neutral standards, but in animus, systemic gender bias, and retaliation against Plaintiff's protected status as a domestic violence survivor and mother. These actions violated Plaintiff's right to equal protection under the law.

## Count XXVIII – Willful Failure to Intervene in Ongoing Constitutional Violations

**Legal Basis**: 42 U.S.C. § 1983 – Fourteenth Amendment
**Date(s)**: May 2024 through March 2025
**Defendants**: Judge William Scully, Guardian ad Litem Jason Spry, and other court-appointed officials acting under color of law

**Summary**:
Between May 2024 and March 2025, Plaintiff submitted at least thirteen formal motions and objections, placing the court and its officers on direct notice of ongoing constitutional violations. These filings included challenges to illegal psychological evaluations, objections to contempt orders, and urgent motions asserting First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment violations. Plaintiff raised legal arguments supported by controlling federal precedent, including objections to voyeuristic use of detention surveillance, motions to quash invalid warrants, and notices of retaliatory scheduling of TRO hearings.

Despite these repeated efforts, court officials—including Judge Scully and GAL Jason Spry—failed to act, intervene, or correct the escalating constitutional harm. Instead, they allowed retaliatory actions to continue, further exposing Plaintiff to unlawful incarceration, humiliating surveillance, and interference with her parental rights. These officials had a constitutional duty to intervene and protect Plaintiff from unlawful state conduct but chose not to act. Their deliberate inaction in the face of clear warnings constituted a willful failure to intervene, violating Plaintiff's due process and equal protection rights under the Fourteenth Amendment. As a result, Plaintiff suffered severe emotional trauma, loss of income, reputational harm, erosion of parent-child relationships, and continued exposure to procedural abuse.

## Count XXIX – Violation of Procedural and Substantive Due Process

**Legal Basis**: 42 U.S.C. § 1983 – Fourteenth Amendment
**Date(s)**: 2024–2025, with specific reference to a contempt motion filed and heard in February 2025
**Defendants**: Judge William Scully, GAL Jason Spry, Joshua Kesling, and other actors under color of law

**Summary**:
Defendants deprived Plaintiff of both procedural and substantive due process under the Fourteenth Amendment through a pattern of retaliatory, arbitrary, and biased conduct. Judge Scully made public statements indicating prejudgment and retaliatory motive, including a comment that Plaintiff "wound up in jail" for "interfering" with psychological evaluations—though no such charge appeared in the record. Plaintiff's arrest stemmed not from uniform application of law but from discriminatory use of state authority to punish her protected legal conduct.

Key due process violations included the issuance of a civil alias warrant with no valid underlying charge, no factual findings, and no service or notice. A contempt motion was introduced fewer than 12 hours before a hearing where Plaintiff was not present or served, and at which a contempt ruling was issued in her absence. Plaintiff had no opportunity to be heard, and the warrant issued from that hearing violated fundamental procedural requirements. Additionally, GAL Jason Spry, acting outside the bounds of authority for a non-dependency case, filed motions that led to coercive orders for drug testing and psychological evaluations. These motions lacked jurisdictional or statutory foundation, yet were adopted by the court.

The cumulative result was the deprivation of Plaintiff's liberty, parental rights, property, dignity, and safety—without adequate legal process, notice, or justification. Plaintiff endured trauma, family separation, financial losses, and irreparable harm as a result. These actions collectively violated clearly established due process protections under the Fourteenth Amendment and constitute actionable misconduct under 42 U.S.C. § 1983.

---

### Count XXX – Invasion of Privacy Under Color of Law

**Legal Basis**: 42 U.S.C. § 1983 – Fourteenth Amendment and Common Law
**Date(s)**: February–March 2025 (with continued use of materials in civil proceedings)
**Defendants**: Judge William Scully, Joshua Kesling, John Grissom, Baldwin County Jail staff, and other officials acting under color of law

**Summary**:
Plaintiff alleges that Defendants intentionally invaded her constitutional and common law right to privacy by obtaining and disseminating custodial surveillance materials captured during her pretrial detention. The recordings included deeply personal footage of Plaintiff being strip searched, using the toilet without privacy, and changing clothes in full view of cameras and male staff. These materials were acquired through subpoenas issued without Plaintiff's knowledge or legal justification. When Plaintiff filed a timely motion to quash, the court denied it without a hearing, effectively waiving her statutory right to object.

The materials were not relevant to any issue before the court and served no legitimate purpose in the custody proceedings. Nevertheless, Defendants introduced or referenced the footage in family court, where Plaintiff's parental fitness was under review. The use of these degrading materials was done solely to humiliate, intimidate, and discredit Plaintiff. This violated Plaintiff's right to bodily dignity and integrity, protected by the Fourteenth Amendment, and contravened well-established privacy protections under common law. As a result, Plaintiff experienced severe emotional trauma, reputational harm, and psychological distress, and her ability to meaningfully participate in judicial proceedings was chilled. These acts were carried out in retaliation for Plaintiff's protected legal activity and constitute actionable misconduct under 42 U.S.C. § 1983.

---

**Count XXXI – Retaliation and Systemic Discrimination Against a Domestic Violence Survivor**

**Legal Basis**: 34 U.S.C. § 12291 et seq. and 42 U.S.C. § 10401 et seq. (VAWA)
**Date(s)**: 2021–2025 (ongoing pattern of retaliation and discrimination)
**Defendants**: Judge William Scully, Joshua Kesling, GAL Jason Spry, OBPD and jail officials, and court actors across multiple agencies

**Summary**:
Plaintiff is a documented survivor of domestic violence who has repeatedly reported abuse, stalking, and coercive control by her ex-partner. Despite the presence of protective orders, medical diagnoses of PTSD, and documented disclosures, Defendants retaliated against her instead of protecting her. Court records reflected Plaintiff's trauma history, yet Defendants—including Judge Scully, GAL Spry, and law enforcement officials—knowingly disregarded her status and used the system against her.

Instead of accommodating Plaintiff's rights under VAWA, Defendants subjected her to involuntary and unnecessary psychological evaluations, denied her due process protections, and punished her for asserting legal objections. Plaintiff was incarcerated under a fabricated and invalid civil contempt warrant. While detained, she endured degrading treatment including strip searches without cause, denial of medical items, sleep deprivation, and exposure to 24/7 surveillance while undressed.

Defendants exploited civil procedures to exert criminal-level punishments against Plaintiff, including falsely labeling administrative debt as "child support" to justify her arrest. These coordinated acts of systemic discrimination, retaliation, and coercive control across judicial, law enforcement, and custodial agencies violate VAWA's protections against gender-based violence and abuse of state power. Plaintiff suffered emotional trauma, reputational damage, retraumatization, financial injury, and a chilling effect on her advocacy for herself and her children.

---

**Count XXXII – State-Sanctioned Voyeurism and Retaliatory Surveillance of a Domestic Violence Survivor**

**Legal Basis**: 34 U.S.C. § 12291 (VAWA); 18 U.S.C. § 2261A (Federal Stalking Statute)
**Date(s)**: February–March 2025 (related to Plaintiff's pretrial detention and surveillance footage)
**Defendants**: Joshua Kesling, John Grissom, Judge William Scully, Baldwin County Jail and OBPD staff, and court officials

**Summary**:
Plaintiff alleges that Defendants engaged in state-sanctioned voyeurism and retaliatory surveillance in violation of federal law. As a known domestic violence survivor, Plaintiff was recorded during her detention in various states of undress and distress. These images, which included nudity and involuntary exposure, were obtained under the pretense of a custody dispute

(14)

but had no legitimate legal purpose. The footage was later introduced or referenced in court, solely to humiliate and discredit Plaintiff in a setting where her parental fitness was being adjudicated.

These actions were not only invasive but served to retaliate against Plaintiff for protected activities, such as filing for protection and objecting to unlawful psychological evaluations. The use of bodily surveillance to assert power, control, and shame over a DV survivor constitutes stalking, harassment, and coercive control as defined by 18 U.S.C. § 2261A. These acts were part of a broader pattern of gender-based retaliation and systemic abuse and also violate VAWA's protections prohibiting the misuse of public systems to retraumatize or silence survivors.

As a direct result of this misconduct, Plaintiff suffered emotional devastation, reputational injury, and was further deterred from seeking safety or advocating for her children's well-being in future legal proceedings.

---

## Count XXXIII – Violation of the Child Abuse Prevention and Treatment Act (CAPTA)

**Legal Basis**: 42 U.S.C. § 5101 et seq.; 42 U.S.C. § 5106a(b)(2); 42 U.S.C. § 1983
**Date(s)**: 2021–2025 (with key incidents and filings occurring in 2021, 2023, and 2024)
**Defendants**: Judge William Scully, Guardian ad Litem Jason Spry, Dr. Jack Carney, Department of Human Resources officials, and other actors acting under color of state law

**Summary**:
Plaintiff is the biological mother of minor children who made multiple credible and detailed disclosures of abuse, distress, and fear concerning their father, Defendant John Grissom. These reports were submitted by the children directly to Plaintiff, to the court, and to mandated reporters, including Guardian ad Litem Jason Spry and Department of Human Resources (DHR) officials—all of whom were acting under color of state law.

As recipients of federal CAPTA funds, these state actors had an affirmative duty to prioritize the safety of the children, provide timely and appropriate responses to abuse disclosures, and ensure due process-compliant procedures in custody and placement decisions. See 42 U.S.C. § 5106a(b)(2). Defendants failed to uphold these obligations. Instead, they subjected both Plaintiff and her children to coercive, unauthorized psychological evaluations ordered without a valid Rule 35 motion, evidentiary support, or informed parental consent.

The court-appointed evaluator, Dr. Jack Carney, had documented ties to opposing counsel, Defendant Joshua Kesling, creating a clear conflict of interest. The evaluations were conducted under duress and threat of contempt, in violation of ethical standards and the due process principles articulated in *Schlagenhauf v. Holder*, 379 U.S. 104 (1964). Defendants then used the resulting reports—tainted by coercion—to shape the evidentiary record and undermine Plaintiff's parental rights.

DHR failed to properly investigate reports of abuse. Orange Beach Police Department, Dr. Jack Carney, Jason Spry, and other Defendants and actors under their supervision failed to report disclosures of child abuse as mandated by law.

CAPTA prohibits the use of retaliatory or procedurally deficient evaluations in child welfare cases. Nevertheless, Defendants failed to invoke the statutory presumption against awarding custody or unsupervised visitation to a perpetrator of family violence. Instead, they expanded Defendant Grissom's access to the children without requiring rehabilitation or implementing safety protocols.

DHR intimidated the children and asked "Did your mom tell you to say that" and told them their mom would get in trouble if they continued reporting abuse.

For over 20 months, the court delayed adjudicating Plaintiff's relocation request, forcing her and the children to remain in a dangerous environment. During this period, additional abuse disclosures were made. Guardian ad Litem Spry dismissed these disclosures, failed to conduct basic investigatory procedures such as contacting teachers, doctors, or family witnesses, and instead relied exclusively on unverified statements by the abusive parent. He minimized the children's fear, stating that "things would blow over in time," and abdicated his CAPTA-mandated duty to act in the best interests of the children.

The psychological evaluations—obtained through coercion and funded by federal child welfare dollars—may also constitute a misuse of CAPTA or FVPSA (42 U.S.C. § 10401 et seq.) allocations. These funds were used to facilitate unconstitutional intrusion, rather than protection, and the reports were leveraged to justify judicial decisions that harmed the children's welfare.

Multiple attorneys placed the court on formal notice of imminent danger, including:

- In **November 2021**, Attorney **Brandon Brackin** filed a motion outlining credible threats from John Grissom.
- On **March 22, 2023**, Attorney **Riley Powell** stated that the ruling placed Plaintiff and the children in "imminent danger of domestic abuse."
- On **July 26, 2023**, Attorney **Scott Tindle** filed a motion asserting that Plaintiff and the children were in emotional distress and at risk of "immediate and irreparable harm."

Despite this well-documented record of risk, Defendants failed to act, retaliated against Plaintiff for raising safety concerns, and suppressed lawful procedural objections. These acts reflect a systemic failure to comply with CAPTA's mandates and a pattern of deliberate indifference to child safety.

As a direct and proximate result, Plaintiff and her children endured continued abuse, emotional trauma, erosion of legal protections, and irreversible damage to the parent-child relationship. The use of coercive evaluations, the refusal to investigate credible abuse, and the court's reliance on retaliatory findings constitute violations of CAPTA and Plaintiff's civil rights under 42 U.S.C. §

1983. Plaintiff seeks immediate **injunctive relief** and **federal oversight** to prevent further harm and ensure compliance with federal child protection laws.

---

**Count XXXIV – Americans with Disabilities Act (ADA): Discrimination Based on Perceived Mental Health Disability**

**Legal Basis**: 42 U.S.C. § 12101 et seq.; 42 U.S.C. § 12132; 28 C.F.R. § 35.130; 42 U.S.C. § 1983
**Date(s)**: 2022–2025 (ongoing violations tied to mental health-related discrimination)
**Defendants**: Judge William Scully, Guardian ad Litem Jason Spry, Joshua Kesling, Dr. Jack Carney, and other court actors acting under color of law

**Summary**:
Plaintiff has been previously diagnosed with **ADHD and PTSD**, both of which are protected conditions under the **Americans with Disabilities Act (ADA)**. Plaintiff never disclosed these diagnoses to the court and never waived her privacy rights regarding any medical or psychological history. Nevertheless, Defendants—acting under color of law—obtained and misused protected medical information, originally subpoenaed by Plaintiff's ex-husband in unrelated matters, to infer a mental health disability.

Defendants used these perceptions to justify adverse and coercive state actions. These included:

- Ordering psychological evaluations of Plaintiff without her consent;
- Denying Plaintiff access to the evaluation reports and the opportunity to respond or object before they were used in court;
- Relying on the contents of these evaluations to penalize Plaintiff in custody decisions, litigation, and financial rulings.

Further, Plaintiff's lawful use of prescribed ADHD medication was portrayed as indicative of instability, despite the absence of any evidence of drug abuse, diversion, or misuse. This portrayal served as a pretext for the imposition of humiliating drug testing and was used to justify restrictions on Plaintiff's custodial and constitutional rights.

At no point did Defendants demonstrate that Plaintiff's mental health diagnoses impacted her parenting ability or posed any threat to herself or others. Plaintiff was denied the opportunity to refute these claims, and the court failed to implement **reasonable accommodations** or **procedural safeguards** as required under federal law.

Under **42 U.S.C. § 12132** and **28 C.F.R. § 35.130**, public entities—including courts—are prohibited from discriminating against individuals with disabilities or perceived disabilities in access to services, programs, or activities. Plaintiff was denied **equal access to court proceedings**, her rights were curtailed without a factual basis, and her medical privacy was violated—all due to **discriminatory assumptions** about mental health.

These actions constituted unlawful discrimination, violated the ADA, and further violated the **Fourteenth Amendment's guarantees of due process and equal protection**. The discriminatory use of Plaintiff's medical information to justify surveillance, drug testing, judicial penalties, and denial of parental rights constitutes a clear and ongoing violation of federal civil rights law.

As a result, Plaintiff has suffered loss of privacy, stigma, reputational harm, loss of custody and financial standing, emotional trauma, and institutional exclusion. These violations are ongoing, and **immediate injunctive relief** is required to halt continued discrimination and ensure that Plaintiff receives full and equal access to court proceedings without prejudice based on her mental health status or perceived disability.

**E.    REQUEST FOR RELIEF**

*State the relief you are requesting or what you want the court to do.  If additional space is needed to identify the relief you are requesting, use extra paper to request relief.  Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

1. A Temporary Restraining Order (TRO) immediately enjoining Defendants from enforcing any orders, contempt findings, warrants, evaluations, financial penalties, or other rulings issued after February 23, 2024, or in violation of Plaintiff's constitutional rights.
2. A stay of all state-court proceedings related to Plaintiff and her minor children, including enforcement of custody, visitation, psychological evaluations, relocation restrictions, and contempt actions, pending adjudication of this federal action.
3. A permanent injunction prohibiting Defendants from asserting jurisdiction or continuing legal proceedings against Plaintiff or her children in contravention of federal law;
4. A declaration that Baldwin County, Alabama has forfeited jurisdiction over matters in question due to ongoing and compounding violations of the U.S. Constitution.
5. An order vacating state rulings, findings, or enforcement actions issued in violation of Plaintiff's rights or after jurisdiction was lost under Rule 60(b)(3),(4)
6. An order requiring the immediate return of any funds paid in connection with unlawful arrest, including but not limited to the $1,500 cash-only alias contempt bond, the $1,085 "eluding" bond.
7. A mandate allowing transfer of temporary jurisdiction under the UCCJEA to a neutral and lawful venue for custody adjudication pending full federal review.
8. Referral of this matter to appropriate federal oversight agencies

**F.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Sarah Grisson*
(Plaintiff's signature)

4-4-2025
(Date)

(Revised February 2022)

5

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Sarah Grissom

**DEFENDANTS**

Baldwin County, AL, John T. Grissom, Jack Carney, William Scully, Joshua Kesling, OBPD, BCSO, BCS Anthony Lowery, BC DHR, et al

**(b)** County of Residence of First Listed Plaintiff  JEFFERSON COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  BALDWIN COUNTY, AL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sarah Grissom 217-345-0615
6 Quail Run Drive, Charleston, IL 61920

Attorneys *(If Known)*

unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ❏ 835 Patent - Abbreviated New Drug Application ❏ 840 Trademark | ❏ 460 Deportation ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 371 Truth in Lending ❏ 380 Other Personal | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) ❏ 862 Black Lung (923) | ❏ 485 Telephone Consumer Protection Act |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | Property Damage | ❏ 720 Labor/Management Relations | ❏ 863 DIWC/DIWW (405(g)) | ❏ 490 Cable/Sat TV |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 385 Property Damage Product Liability | ❏ 740 Railway Labor Act | ❏ 864 SSID Title XVI ❏ 865 RSI (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 196 Franchise | | | ❏ 751 Family and Medical Leave Act | | ❏ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 891 Agricultural Acts ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement Income Security Act | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | Agency Decision |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 950 Constitutionality of State Statutes |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application ❏ 465 Other Immigration Actions | | |
| | ❏ 448 Education | ❏ 550 Civil Rights ❏ 555 Prison Condition ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ❏ 2 Removed from State Court
- ❏ 3 Remanded from Appellate Court
- ❏ 4 Reinstated or Reopened
- ❏ 5 Transferred from Another District *(specify)*
- ❏ 6 Multidistrict Litigation - Transfer
- ❏ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Constitutional violations under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments; VAWA, CAPTA,

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ❏ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE  Hon. Judge Richard T. Gurley

DOCKET NUMBER 1:25-cv-00895-RTG

DATE  4-4-2025

SIGNATURE OF ATTORNEY OF RECORD  *Sarah Grissom*

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

Complaint filed 4-4-25
on Pro se forms

U.S. POSTAGE PAID
USPS Ground Advtg
ORANGE BEACH, AL 36561
APR 28, 2025

**$14.40**

S9324M5O3456-99

Retail

RDC 01

B0294    2 Lb 2.80 Oz

SARAH GRISSOM
5336 BAY DRIVE
ORANGE BEACH, AL 36561

TO:

US DISTRICT COURT CLERK
901 19th STREET
DENVER, CO 80294



USPS TRACKING® #

9534 6111 5042 6118 7081 55

FROM:

10 1/2" x 16"



Your Way

Pack.

Ship.

m® for Shipping Supplies & Services

93×100171
Bubble Mailer
10 1/2" x 16"

UNITED STATES
POSTAL SERVICE®

ost.